# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**964**

**CA 11-02438**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

KIMBERLY MITCHELL CONVERSE,
PLAINTIFF-RESPONDENT,

           V                                MEMORANDUM AND ORDER

DOLE FOOD COMPANY, INC., DOLE FRESH
FRUIT COMPANY, DEFENDANTS-APPELLANTS,
AND LEONARD'S EXPRESS, INC., DEFENDANT.
(APPEAL NO. 3.)

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (R. ANTHONY RUPP, III, OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

CANTOR, DOLCE & PANEPINTO, P.C., BUFFALO (STEPHEN C. HALPERN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Steuben County (Thomas M. Van Strydonck, J.), entered September 6, 2011 in a personal injury action. The order denied the motion of defendants Dole Food Company, Inc. and Dole Fresh Fruit Company for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the tractor-trailer she was operating was involved in a one-vehicle rollover accident. Plaintiff alleged, inter alia, that Dole Food Company, Inc. and Dole Fresh Fruit Company (collectively, defendants) were negligent in the manner in which they loaded the cargo that she was hauling, i.e., approximately 40,000 pounds of bananas. Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint against them. Although defendants established their entitlement to judgment by establishing that the load was less than the maximum allowable weight under federal law and that the contents were secured to prevent shifting during transit, we nevertheless conclude that plaintiff raised an issue of fact based on expert opinion sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We reject defendants' contention that the affidavit of one of plaintiff's experts, a mechanical engineer, is speculative and conclusory. That expert opined that the static stability level of the tractor-trailer was "unusually low," thereby creating a high center of gravity and an increased risk of a rollover accident. Although there

are no industry standards regarding the static stability level, he relied on the results of tilt-table tests conducted at the University of Michigan Transportation Research Institute (Institute), which evaluated the static stability level of the vehicle that plaintiff was operating, and, inter alia, research conducted at the Institute regarding the increased potential for rollover accidents involving vehicles with a static stability level below a certain level (*see Edwards v St. Elizabeth Med. Ctr.*, 72 AD3d 1595, 1596).  In light of our determination that plaintiff raised an issue of fact, we need not address defendants' remaining contentions with respect to the affidavit of plaintiff's second expert.

Entered:  September 28, 2012                     Frances E. Cafarell
                                                Clerk of the Court