# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**959**
**CA 12-00663**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

KIMBERLY MITCHELL CONVERSE, PLAINTIFF,

V                                                    MEMORANDUM AND ORDER

DOLE FOOD COMPANY, INC., DOLE FRESH
FRUIT COMPANY, DEFENDANTS-APPELLANTS,
AND LEONARD'S EXPRESS, INC.,
DEFENDANT-RESPONDENT.
(APPEAL NO. 2.)

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA, LLC, BUFFALO (R. ANTHONY
RUPP, III, OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

RUBIN, FIORELLA & FRIEDMAN LLP, NEW YORK CITY (STEWART B. GREENSPAN OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment (denominated order and final judgment) of
the Supreme Court, Steuben County (Thomas M. Van Strydonck, J.),
entered December 30, 2011 in a personal injury action. The judgment,
among other things, dismissed all cross claims asserted against
defendant Leonard's Express, Inc.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by reinstating the second cross claim
of defendants Dole Food Company, Inc. and Dole Fresh Fruit Company and
as modified the judgment is affirmed without costs.

Memorandum: Defendants Dole Food Company, Inc. and Dole Fresh
Fruit Company (collectively, Dole defendants) appeal from an "order
and final judgment" (judgment) denying their motion for summary
judgment on their cross claim for contractual indemnification against
defendant Leonard's Express, Inc. (Leonard's Express) and granting the
cross motion of Leonard's Express for summary judgment dismissing that
cross claim. Plaintiff commenced this action seeking damages for
injuries she sustained when the tractor-trailer she was operating
overturned while she was transporting a shipment of bananas.
Plaintiff alleged, inter alia, that the Dole defendants were negligent
with respect to the manner in which the cargo was loaded and that
their negligence was a proximate cause of the accident. In a related
appeal (*Converse v Dole Food Co., Inc.* [appeal No. 3], ___ AD3d ___
[Sept. 28, 2012]), we affirmed the order denying the motion of the
Dole defendants for summary judgment dismissing the complaint against
them.

Pursuant to the terms of the container interchange agreement (agreement) between the Dole defendants and Leonard's Express, Leonard's Express is obligated to indemnify the Dole defendants "against any and all claims . . . actions . . ., damages and liability of any nature whatsoever, including . . . bodily injuries, . . . in any manner arising out of, connected with, or resulting from the possession, use, operation, maintenance or return of the Units by [Leonard's Express] or any other person from delivery until return thereof."  We agree with the Dole defendants that the agreement covers the alleged negligence here inasmuch as the claimed injuries for which plaintiff seeks damages occurred in connection with the possession and use of the trailer and chassis unit by Leonard's Express.  We nevertheless conclude that the Dole defendants failed to establish their entitlement to summary judgment on their cross claim for contractual indemnification from Leonard's Express based on their liability to plaintiff.  We further conclude, however, that Leonard's Express failed to establish its entitlement to summary judgment dismissing the cross claim, and we therefore modify the judgment accordingly.

The agreement expressly provides that it is to be "construed and enforced under the laws of the State of California."  The California Supreme Court has explained that "the parties to an express indemnity provision may, by the use of sufficiently specific language, establish a duty in the indemnitor to save the indemnitee harmless from the results of even active negligence on the part of the latter . . . [I]n the absence of this[,] a provision will be construed to provide indemnity to the indemnitee only if [the indemnitee] has been no more than passively negligent" (*E.L. White, Inc. v City of Huntington Beach*, 21 Cal 3d 497, 507; *see Crawford v Weather Shield Mfg., Inc.*, 44 Cal 4th 541, 551-552, 187 P3d 424, 430; *Rossmoor Sanitation, Inc. v Pylon, Inc.*, 13 Cal 3d 622, 628-629, 532 P2d 97, 100-101).  Indeed, in order for an indemnitee "to be indemnified for [its] own negligence . . . language on the point must be particularly clear and explicit, and will be construed strictly against the indemnitee" (*Crawford*, 44 Cal 4th at 552, 187 P3d at 431).  We conclude that the language of the agreement herein is comparable to the language considered by the Court in *E.L. White, Inc.* (21 Cal 3d at 506), and that it is not "sufficiently specific" to require Leonard's Express to indemnify the Dole defendants for their own negligence (*id.* at 507).  We note in particular that the agreement provides for indemnification regardless of whether Leonard's Express is negligent, but it is silent with respect to the effect of the Dole defendants' negligence on the right to indemnification.  Thus, we conclude that the Dole defendants failed to establish their entitlement to judgment on the second cross claim.

The California Supreme Court has also explained that "[w]hether conduct constitutes active or passive negligence depends upon the circumstances of a given case and is ordinarily a question for the trier of fact; active negligence may be determined as a matter of law, however, when the evidence is so clear and undisputed that reasonable persons could not disagree" (*Rossmoor*, 13 Cal 3d at 629, 532 P2d at 101).  As we have held in *Converse v Dole Food Co., Inc.* ([appeal No. 3] ___ AD3d at ___), that is not the case here.  We therefore further

conclude that Leonard's Express failed to establish its entitlement to summary judgment dismissing the cross claim because there is an issue of fact whether, pursuant to the laws of California, any negligence on the part of the Dole defendants was active or passive.

Entered:  September 28, 2012                Frances E. Cafarell
                                           Clerk of the Court