OPINION OF THE COURT
David B. Saxe, J.
The defendant husband, toward the conclusion of this drawn-out custody case, moves for production by plaintiff of all films, videotapes, audiotapes, transcripts and memoranda thereof, or photographs taken during surveillance of him. *165 Plaintiff protests that the request is improper and comes too late.
This is not a typical situation, in which surveillance tapes are sought by a plaintiff during discovery so as to permit the plaintiff to test their authenticity for purposes of countering defenses raised at trial. Defendant acknowledges that he seeks these materials for his own case, because he surmises that they would show him to be a normal, healthy father involved in normal, everyday activities with the child.
CPLR 3101 (i) provides for full disclosure of such materials, without limitation, and specifies that disclosure must be of "all portions of such material, including out-takes, rather than only those portions a party intends to use”.
The Court of Appeals in DiMichel v South Buffalo Ry. Co. (80 NY2d 184, 196 [1992]) held that "surveillance films should be treated as material prepared in anticipation of litigation, and as such, are subject to a qualified privilege that can be overcome only by a factual showing of substantial need and undue hardship.” Plaintiff argues that defendant has not made the requisite showing. However, the adoption of CPLR 3101 (i) in 1993 was specifically intended to modify and liberalize the restrictions the DiMichel case imposed on discovery of such materials (see, Boulware v Triborough Bridge & Tunnel Auth., 161 Misc 2d 435 [Sup Ct, NY County 1994]).
Moreover, as to the need for these materials, it should be recognized that the defendant could not acquire the equivalent himself; any such videotaping set up by himself would be automatically suspect, and therefore useless at trial.
Plaintiff asserts that the belated request will prejudice her cross-examination of defendant, and will unnecessarily delay the case further. The prejudice can be countered by providing the tapes after the conclusion of defendant’s testimony. And, in this prolonged trial, a few extra days do not, in my mind, constitute grounds to deny what otherwise would be proper.
This is an unusual case. The plaintiff persists in asserting that the defendant’s visitation with the child must be supervised. The defendant’s ability to prove his assertion that he has a healthy, normal relationship with the child is hampered by the nature of this litigation. Directing the production of the *166 sought materials may be useful to the fact-finding function of the court, and will not unduly prejudice the plaintiff.
Accordingly, the motion is granted, and the materials sought shall be turned over immediately following the completion of defendant’s testimony.