■ MICHAEL JOHNSON, Respondent, v PHYLLIS C. JOHNSON, Appellant. [652 NYS2d 504] —Order of the Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered May 7, 1996, which granted plaintiff's motion to suppress certain audio and video tapes made by defendant, and denied defendant's motion for a protective order prohibiting the discovery and inspection of other tapes, and a second order of the same court and Justice, entered on or about June 24, 1996, which denied renewal and granted reargument, and upon reargument adhered to the prior order, unanimously modified, on the law, to the extent of denying plaintiff's motion for suppression under CPLR 4506 (3), and otherwise affirmed, without costs.

In connection with the divorce proceeding pending between the parties, each moved for interim custody of their son and daughter, both age eleven. At issue on this appeal is whether audio and video tapes made by the defendant wife over a period of time in the home, where the parties continue to reside, and which have been submitted as exhibits to her custody motion, are admissible at trial, and whether other tapes made by her are discoverable.

Supreme Court denied defendant's motion for a protective order as to those tapes that were not submitted to the court, and directed that defendant turn them over to plaintiff, finding that discovery of this material was appropriate in the circumstances of the custody dispute between the parties, citing *Kosovsky v Zahl* (165 Misc 2d 164). This was correct. However, we disagree with the court that there was any issue of eavesdropping relating to the tapes, which would warrant suppression under CPLR 4506 (3), and we reverse the court's order to the extent that suppression was granted. As Supreme Court properly observed, however, their use does have the potential to undermine the trust and confidence that should exist between parent and child. For this reason, therefore, it should be

left to the sound discretion of the Trial Judge to determine whether and how to use any of this material, if at all, keeping in mind the paramount consideration of the best interests of the two children. Concur—Sullivan, J. P., Milonas, Rubin, Williams and Andrias, JJ.