OPINION OF THE COURT
Judith J. Gische, J.
Based upon stipulated facts {see stipulation, dated Jan. 8, 2003), the court has been called upon to resolve certain issues arising from the father tape recording telephone conversations between the children and their mother. These tape recordings were made while the children were in Pennsylvania with the father during the period of December 22, 2002 through December 25, 2002. The court has not heard the tapes. The father and the Law Guardian represent, in very general terms, that the tapes contain critical information bearing upon the father’s claim of parental alienation. The mother never consented to the taping of these telephone conversations and the children are not of an age that they can legally consent to any such tape recording.
As framed by this court’s order, dated January 8, 2003, the issues to be determined are: (1) whether the tapes can be admitted into evidence at the upcoming custody trial; (2) whether the tapes can otherwise be considered by experts or professionals in connection with the parties’ child related disputes; and (3) whether the court can make the tapes available to the son’s treating therapist, over one parent’s objection.
Discussion
(1) Admissibility of the Tapes at Trial
As a preliminary issue, the mother argues that Pennsylvania law applies to the determination of the issues raised, *610 because the tapes were actually recorded in the State of Pennsylvania. This court disagrees. According to New York State law, issues of admissibility and suppression of evidence are procedural. Consequently, they are governed by the forum state. (Able Cycle Engines v Allstate Ins. Co., 84 AD2d 140, 146 [2d Dept 1981]; Fisch, New York Evidence § 5; Restatement [Second] of Conflict of Laws § 597.) New York is the forum state and, therefore, the outcome of the parties’ disputes about the tapes is governed by New York State law.
There is no constitutional prohibition against the use of evidence illegally obtained by a private party in the context of a civil action. Whatever prohibitions exist against the use of such evidence are purely statutory in nature. (Sackler v Sack-ler, 15 NY2d 40 [1964].) CPLR 4506 contains such a statutory prohibition against the use of unlawfully recorded conversations. CPLR 4506 (3) provides in pertinent part:
“An aggrieved person who is a party to a civil trial, hearing or proceeding before any court, * * * may move to suppress the contents of any overheard or recorded communication, conversation or discussion or evidence derived therefrom, on the ground that:
“(a) The communication, conversation or discussion was unlawfully overheard or recorded; * * * .”
Taping telephone conversations without the consent of at least one of the parties constitutes an illegally recorded conversation within the meaning of CPLR 4506. (See Penal Law § 250.05.) The statutory remedy for unlawful recording of conversations is that information so obtained may not be received into evidence.
Clearly the mother did not consent to the father’s taping of her conversations with the children. The father argues, however, that he, on behalf of the children, consented to such taping. The father’s so-called consent on behalf of the children, in this context, is not valid. At the time the father tape recorded these conversations, he knew that the parties were going to be involved in a custody trial. Indeed trial dates had already been set. His decision to tape record the conversations was inextricably intertwined with his self-interest in obtaining evidence for that custody trial. Since his personal interests cannot be separated from his decision to “consent” on the children’s behalf, it has no legal significance in this context.
The children are too young to give their own legal consent to the tape recording of the conversations. There is no question, *611 therefore, that the tape recordings are illegal eavesdropping under New York State law. Consequently, neither the tapes, nor any transcription thereof, may be introduced into evidence at the upcoming custody trial.
The First Department’s decision in Johnson v Johnson (235 AD2d 217 [1st Dept 1997]) does not command a different result. In Johnson, the Appellate Division held that the recorded evidence offered was not the product of unlawful eavesdropping under CPLR 4506. The decision did not elucidate how the Court reached its conclusion. The Court did not expressly state that the reason for its conclusion was simply that the proceeding was one for custody. Indeed any such conclusion would have been contrary to existing law. The Johnson Court went on to conclude that because there was no eavesdropping, the trial court otherwise had broad discretion with respect to the admission of the recorded evidence. The father and the Law Guardian argue that Johnson stands for the sweeping legal proposition that in custody cases there is a common-law exception to CPLR 4506, which makes otherwise illegally obtained tape recordings admissible with respect to intrafamilial communications. This is too broad a reading of Johnson. There are no recognized exceptions to the rule that illegally obtained tape recordings are inadmissible, even in child custody proceedings. This is apparent from the statute itself and from cases interpreting the statute. (CPLR 4506; Matter of Cameron C., 283 AD2d 946 [4th Dept 2001]; Matter of Jaeger v Jaeger, 207 AD2d 448 [2d Dept 1994]; Janecka v Franklin, 131 AD2d 436 [2d Dept 1987]; Berk v Berk, 70 AD2d 943 [2d Dept 1979].) If the Legislature had intended the exception advocated by the father and the Law Guardian, it would have explicitly provided for same in the statute. The court reads Johnson narrowly and consistent with existing authority.
The court further disagrees with the father and the Law Guardian that the court otherwise has the power to make inadmissible evidence, admissible, under a best interests analysis. The application of the best interests standard in a custody proceeding is not a panacea that allows the court to simply disregard established rules of evidence. (See Murtari v Murtari, 249 AD2d 960 [4th Dept 1998]; People v Heffner, 187 Misc 2d 617 [Rensselaer County Ct 2001]; Matter of E.-P. Children, NYLJ, Apr. 4, 2000, at 28, col 4.) This is true notwithstanding that the otherwise inadmissible evidence may contain important information.
*612 (2) Use of Tapes by Other Experts or Professionals
The court also holds that these tapes cannot be used by other experts or professionals who may be called as witnesses in the custody trial. The express language of CPLR 4506 applies to exclude not only the tapes themselves, but also to the use of evidence “derived” from the tapes. To the extent that any expert obtaining the tapes would base their opinion upon their content, such opinion would be derived from the tapes and excludable from evidence. The court can avoid this potential problem by prohibiting the experts from having the tapes in the first instance.
(3) Availability of the Tapes to the Child’s Treating Psychologist
The parties’ son is being treated by a psychologist who, it is conceded, will never be called at trial in connection with the parties’ custody dispute. It was reported to the court that Dr. A., based upon the mother’s prohibition, declined to consider transcripts of the tape recordings provided to him by the father. Both the father and the Law Guardian believe that it would be in the son’s therapeutic interest to have Dr. A. review these tapes.
Neither parent has legal custody of the children. Neither parent has any greater right than the other to make decisions concerning their son at this point. In this regard, Dr. A. is not bound by the mother’s prohibition against him reviewing the tapes, when the father, with equal authority, gives him permission. He may, at his own discretion and in his professional judgment, review the tapes, if it is appropriate to do so in connection with his treatment of the parties’ son.
Contrary to the mother’s arguments, the court is not mandating that Dr. A., a third party, review the tapes. The court is simply making it clear that the mother’s prohibition is not controlling. Accordingly, the father may reoffer the transcripts to Dr. A. for his consideration, along with a copy of this court’s decision which gives Dr. A. the full discretion to determine what the appropriate therapeutic course of action would be for the child.
Conclusion
In accordance with this decision, the court finds that the tape recordings, and any transcripts thereof, are not admissible evidence in the upcoming custody proceeding. Nor may the tapes be given to any expert or professional expected to testify in this proceeding. The court further holds that the mother’s prohibition against Dr. A. considering the tapes in *613 connection with the parties’ son’s therapy is not controlling and that Dr. A. may, within his own professional judgment, consider whether review of the tapes is therapeutically useful.