■ In the Matter of Jacques Berrouet, Respondent, v Marcia D. Greaves, Appellant. [825 NYS2d 719]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Modica, J.), dated October 3, 2005, which, after a hearing, inter alia, granted the father's petition for custody of the child.

Ordered that the order is affirmed, without costs or disbursements.

Trial courts are accorded wide discretion in making evidentiary rulings (*see People v Carroll,* 95 NY2d 375, 385 [2000]). The Family Court is governed specifically by Family Court Act § 1046 (b) (iii), which states that "[i]n a fact-finding hearing . . . except as otherwise provided by this article, only competent, material and relevant evidence may be admitted." Professional reports constitute hearsay, and therefore are not admissible without the consent of the parties (*see Kesseler v Kesseler,* 10 NY2d 445 [1962]; *Matter of Khan v Dolly,* 6 AD3d 437, 439 [2004]; *Wilson v Wilson,* 226 AD2d 711 [1996]).

In the instant case, the mother concedes that she consented to the admission of the forensic psychiatrist's report. Thus, the Family Court properly admitted the report into evidence.

The essential consideration in making an award of custody is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]). Factors to be considered in determining those best interests include the parental guidance provided by the custodial parent, each parent's ability to provide for the child's emotional and intellectual development, each parent's ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the child's relationship with the other parent (*see Miller v Pipia,* 297 AD2d 362, 364 [2002]; *Matter of Krebsbach v Gallagher,* 181 AD2d 363, 364-365 [1992]). "[T]he recommendations of court-appointed experts are but one factor to be considered in making a custody determination" (*Miller v Pipia, supra* at 365). However, such recommendations are entitled to some weight (*id.*).

Here, the forensic psychiatrist concluded that the mother suffered from delusions that the father was poisoning the child with an invisible powder associated with the religions of Voodoo and Santeria. The father confirmed that the mother believed he was trying to kill the child, and he denied practicing Voodoo or Santeria. He further testified that the mother's beliefs would cause her to take the child to the hospital unnecessarily after returning from visits with him.

Moreover, the evidence indicated that the father was in a better position to support the child financially, as he testified that he was paying the mother's rent for her. Regarding the effect an award of custody to one parent could have on the relationship with the other, the forensic psychiatrist's report concluded that the mother's delusional belief prevented the father from fostering a relationship with the child. Thus, awarding sole or joint custody to the mother could result in her interfering with the father's relationship with the child. The testimony adduced at

the fact-finding hearing confirmed this, as the father testified that the mother was often late in bringing the child for visitation, and the mother admitted that she failed to take the child to several court ordered visits with the father. Regarding which parent could better provide for the child's emotional and intellectual development, the mother's delusional beliefs would again pose a problem. Lastly, the forensic psychiatrist recommended that the court award the father sole custody, while still giving the mother visitation rights.

In view of the foregoing, the Family Court properly awarded custody of the child to the father. Miller, J.P., Ritter, Santucci and Lunn, JJ., concur.