■ PHILIP CRAIG, Respondent, v VERONICA WILLIAMS-CRAIG, Appellant. [876 NYS2d 650]—In an action for a divorce and ancillary relief, the mother appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Strauss J.), entered February 27, 2008, as, after a nonjury trial, awarded the father sole custody of the parties' child, with visitation to her.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The essential consideration in making an award of custody is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]). "Factors to be considered in determining those bests interests include the parental guidance provided by the custodial parent, each parent's ability to provide for the child's emotional and intellectual development, each parent's ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Berrouet v Greaves,* 35 AD3d 460, 461 [2006]). Since the Supreme Court's determination is largely dependent upon an assessment of the credibility of witnesses and upon the character, temperament, and sincerity of the parents (*see Eschbach v Eschbach,* 56 NY2d at 173; *Bibas v Bibas,* 58 AD3d 586 [2009]), its custody determination should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Walton v Walton,* 306 AD2d 491, 491-492 [2003]; *Miller v Pipia,* 297 AD2d 362, 364 [2002]).

Here, the Supreme Court's determination is supported by a sound and substantial basis in the record, including the recommendation of the court-appointed psychiatrist (*see Matter of Berrouet v Greaves,* 35 AD3d at 460-462).

The mother's remaining contentions are without merit. Fisher, J.P., Miller, Angiolillo and Balkin, JJ., concur.