■ In the Matter of RAHEEM SMALLS, Respondent, v CHERYL PAYNE, Appellant. [884 NYS2d 761]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Elkins, J.), dated June 17, 2008, which, after a hearing, granted the father's petition for sole custody of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

"[A] court's paramount concern in any custody dispute is whether, under the totality of the circumstances, a transfer of custody is in the best interests of the child" (*Musachio v Musachio,* 53 AD3d 600, 601 [2008]; *see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Matter of Fallarino v Ayala,* 41 AD3d 714, 714-715 [2007]). Among the factors to be considered are "(1) the original placement of the child, (2) the length of that placement, (3) the child's desires, (4) the relative fitness of the parents, (5) the quality of the home environment, (6) the parental guidance given to the child, (7) the parent's financial status, and (8) his or her ability to provide for the child's emotional and intellectual development" (*Cuccurullo v Cuccurullo,* 21 AD3d 983, 984 [2005]; *see Eschbach v Eschbach,* 56 NY2d at 171-173; *Miller v Pipia,* 297 AD2d 362, 364 [2002]). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Conforti v Conforti,* 46 AD3d 877, 877-878 [2007]; *see Eschbach v Eschbach,* 56 NY2d at 173; *Matter of Fallarino v Ayala,* 41 AD3d at 715).

The Family Court's determination that the best interests of the child would be served by a change of custody to the father is supported by a sound and substantial basis in the record and should not be disturbed (*see Matter of Gilmartin v Abbas,* 60 AD3d 1058 [2009]; *Matter of Timosa v Chase,* 21 AD3d 1115, 1116 [2005]). The evidence presented at the hearing established, inter alia, that the father is better equipped to provide for the daily needs and emotional and educational development of this special needs child (*see Matter of Ganzenmuller v Rivera,* 40 AD3d 756, 757 [2007]; *Matter of Sienkwicz v Sienkwicz,* 298 AD2d 396 [2002]). Fisher, J.P., Miller, Angiolillo and Hall, JJ., concur.