OPINION OF THE COURT
Michael A. Gary, J.
In papers filed January 7, 2014, defendant moves to preclude use at trial of a taped recording of a statement alleged to have been made by him. Statement notice had originally been served but was subsequently withdrawn by the People on the grounds that it was not subject to the provisions of CPL 710.30 (1) (a), since it was not made to a public servant. The People have opposed this motion in papers filed January 22, 2014. The court has reviewed the minutes of the Dunaway/Huntley hearing at which counsel challenged the admissibility of a different noticed statement, but also explored the circumstances surrounding the relevant taped statement.
At the Huntley hearing, the assigned Brooklyn Special Victims Squad detective, Detective Laurel, explained that this case first came to his attention when, on January 14, 2011, he got a call from a police officer at Kings County Hospital. The officer explained that she was with a young woman who reported that she was raped by her father on January 1, 2011. Detective Laurel met the complainant, who was 14 years of age, and her stepmother at the hospital and then returned with them to the Special Victim’s Office to conduct an interview. During that interview, the complainant’s stepmother handed Detective Laurel a microcassette tape of an alleged conversation the victim had with the defendant. On the tape, the defendant is alleged to have, in substance, pleaded with the complainant not to get him arrested, and said he was sorry for what he had done. Detective Laurel copied it at that time. That taped conversation is the subject of this motion.
Defendant alleges two bases upon which the tape recording should be precluded. Defendant first argues that the recording, *480 assuming it is authenticated, should not be admitted since it violates the proscription of CPLR 4506 (l).[2] Conceding that the recording of the conversation would be admissible when one party consents to the recording of a two-party conversation, the defendant nevertheless argues that a minor cannot consent, or give consent to the police to record. Defendant further asserts that there was no consent given by the complainant’s guardian, her stepmother, which the People concede.
The People counter that if the proscription in CPLR 4506 and Penal Law § 250.05[3] relate to police initiated recording, perhaps the age of consent would be impacted. In this case, however, the People point out, as they did in withdrawing statement notice, that the recording did not occur at the behest of the police or at the direction of anyone other than the complainant. (See People v Heffner, 187 Misc 2d 617 [Rensselaer County Ct 2001] [where the court ruled a conversation inadmissible where the parents of the child victim of sexual abuse recorded the conversation without the knowledge and consent of the victim].) The court agrees with the People’s position. According to the hearing testimony, the police were not notified of the alleged rape until January 14, 2011, some time after the complainant made the recording. (Hearing minutes at 9-12, 25-27.)
Defendant argues that CPLR 4506 still precludes the use of the tape recording since, as a minor, the complainant cannot be deemed to have “consented” to participate in the recording. This squarely presents the issue left open in People v Bastian (125 AD2d 909 [3d Dept 1986], lv denied 69 NY2d 824 [1987]), which the Appellate Division, Third Department specifically did not reach (at 910). This court is not persuaded that a blanket rule denying a minor the ability to consent applies. The legislature, which has always sought to protect minors who are *481 crime victims, has, for example, acknowledged that the previous restriction on the admissibility of a minor’s testimony in the prosecution of a crime hampered prosecution of their cases. Thus, the legislature found it appropriate to lower the age at which a child could give sworn testimony in court from age 12 to age 9. Similarly, the policy consideration surrounding CPLR 4506 (1), in the criminal context, is to prevent the police from coercing minors into acting as police agents against their parents or other family members. Here, the minor complainant initiated the taping on her own. The Appellate Term has discussed this issue in the case of People v Clark (19 Misc 3d 6, 9 [App Term, 2d Dept, 2d & 11th Jud Dists 2008], lv denied 10 NY3d 861 [2008]):
“it has been the common-law rule that infants are often deemed incompetent to act on their own behalf and that a parent or guardian must act for them. However, we note that there are exceptions to this rule. For example, a minor may enter into a contract which is enforceable as against the other party although the minor is generally permitted to disaffirm it. Moreover, legislation has been enacted which specifically deems infants competent under certain situations. For example, the Legislature enacted CPL 60.20 (2) so that a witness ‘more than nine years old may testify . . . under oath.’. . . However, we stress that our decision herein [upholding a mother’s vicarious consent to record the conversation of her minor, autistic child] should not be interpreted as holding that a minor alone can never provide the requisite consent to record a conversation at which he or she may be present.” (Citation omitted and emphasis added.)
A law (CPLR 4506) enacted for the benefit of minors should not be interpreted as to deprive a minor who is an alleged crime victim of what could obviously be powerful evidence against the perpetrator. Accordingly, this court finds no reason to conclude that the victim did anything other than purposefully record, indeed “consent” to taping her own conversation with the defendant. Parenthetically, courts cannot ignore the fact that the prevalence of technology has provided minors even younger than 14 with access to cell phones, smartphone apps, and other recording devices. While inquiry surrounding the circumstances of the recording is necessary to comply with CPLR 4506, there is no rational basis to reject a recording such as this because *482 one party to the conversation is a minor. Therefore, the court finds that CPLR 4506 does not impact the admissibility of this taped conversation, and thus it will not be precluded.
The defendant next states that, according to the People’s witness, the original recording was altered when it was duplicated by the police officer. Citing to People v McGee (49 NY2d 48 [1979]), defendant argues that the People would not be able to establish the authenticity of the recording in order for it to be admitted into evidence. Defendant asserts that Detective Laurel testified that when he copied the recording from the digital cassette recorder, he added some additional information in his own voice. Detective Laurel stated that“X might have had a heading, the time that it was recorded, where it was re-recorded at. That was the jist [sic] of my input on to it.” (Hearing minutes at 11, lines 5-7.) He further testified that the original cassette tape is missing. Thus, defendant argues that since the People already have established that the original tape recording cannot be located, no comparison to establish its equivalency to the original can occur, and thus the recording cannot be authenticated in its current state.
The People counter that defendant’s objections go to the weight of the evidence not to its admissibility. If the People can establish through the testimony of the detective and/or the complainant, who is purported to have actually made the recording, that it is the same or substantially the same as the original one, then the jury can determine how much weight to give it. The People will be given an opportunity using any of the methods listed in People v Ely (68 NY2d 520, 527 [1986]) to authenticate the recording. Use of the recording therefore will not be precluded if the People can establish its authenticity.
Therefore, finding no basis upon which to preclude the use of the recording, the defendant’s motion is denied in all respects.

. CPLR 4506 states in relevant part:
“Eavesdropping evidence; admissibility; motion to suppress in certain cases
“1. The contents of any overheard or recorded communication, conversation or discussion, or evidence derived therefrom, which has been obtained by conduct constituting the crime of eavesdropping, as defined by section 250.05 of the penal law, may not be received in evidence in any trial . . . before any court ... of the state . . . .”

. Penal Law § 250.05 states: “A person is guilty of eavesdropping when he unlawfully engages in wiretapping, mechanical overhearing of a conversation, or intercepting or accessing of an electronic communication.” Penal Law § 250.00 defines all the operative behaviors as being done without the consent of the sender or receiver, or at least one party to the conversation.