■ In the Matter of Ivory B., Respondent, v Shameccka D.B., Appellant, et al., Respondent. [993 NYS2d 173]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Turbow, J.), dated November 20, 2012, which, after a hearing, granted the father's petition for sole custody of the subject child, with certain visitation to her.

Ordered that the order is affirmed, without costs or disbursements.

The essential consideration in making an award of custody or visitation determination "is the best interests of the child, under the totality of the circumstances" (*Matter of Boggio v Boggio*, 96 AD3d 834, 835 [2012]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]; *Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]; *Matter of Awan v Awan*, 63 AD3d 733, 734 [2009]). A court deciding an initial petition for child custody must consider "the

totality of the circumstances, including, but not limited to, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (*Matter of Supangkat v Torres*, 101 AD3d at 890; *see Craig v Williams-Craig*, 61 AD3d 712, 712 [2009]; *Matter of Berrouet v Greaves*, 35 AD3d 460, 461 [2006]). "[T]he existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (*Eschbach v Eschbach*, 56 NY2d at 174). While it is often in a child's best interests to live with siblings, this factor is "not an absolute" (*id.* at 173). A child's expressed preference in a custody proceeding is not determinative, but it is "some indication of what is in the child's best interests, particularly where the attorney for the child recommended that the child's wishes be given weight, and where the interview demonstrates the child's level of maturity and ability to articulate his [or her] preferences" (*Matter of Hall v Hall*, 118 AD3d 879, 882-883 [2014] [citations omitted]). However, the child's wishes are not determinative (*see Matter of Zubizarreta v Hemminger*, 107 AD3d 909, 909-910 [2013]; *Matter of McVey v Barnett*, 107 AD3d 808, 809 [2013]). "Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record" (*Matter of Supangkat v Torres*, 101 AD3d at 890; *see Matter of Reyes v Polanco*, 83 AD3d 849, 850 [2011]; *Cervera v Bressler*, 90 AD3d 803, 805 [2011]).

We see no reason to disturb the Family Court's well-reasoned determination to award sole custody to the father. The record shows that both parents love the subject child and are able to provide for the child's well-being and promote her relationship with the other parent. However, the record also shows that the father, who had been caring for the subject child for a period of three years during the pendency of neglect proceedings against the mother, is better able to provide a stable and structured environment. Further, during the period when the father had temporary custody of the child, her school work and grades dramatically improved. Accordingly, the Family Court's determination is supported by a sound and substantial basis in the record. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.