In the Matter of ALDEN F. MOSES, Respondent, v KRYSTAL A. WILLIAMS, Appellant. [29 NYS3d 493]—

Appeal from an order of the Family Court, Queens County (Mary R. O'Donoghue, J.), dated November 20, 2014. The order, insofar as appealed from, granted the father's petition for sole custody of the subject children and denied the mother's petition for sole custody of the children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The essential consideration in deciding a petition for child custody is the best interests of the child, under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Friederwitzer v Friederwitzer, 55 NY2d 89, 94 [1982]; Matter of Ivory B. v Shameccka D.B., 121 AD3d 674, 674-675 [2014]; Matter of Supangkat v Torres, 101 AD3d 889, 890 [2012]; Matter of Awan v Awan, 63 AD3d 733, 734 [2009]). "Factors to be considered in determining those best interests include the parental guidance provided by the custodial parent, each parent's ability to provide for the child's emotional and intellectual development, each parent's ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Berrouet v Greaves, 35 AD3d 460, 461 [2006]; see Craig v Williams-Craig, 61 AD3d 712 [2009]), as well as "which alternative will best promote stability" and "the past performance of each parent" (Matter of Ivory B. v Shameccka D.B., 121 AD3d at 675; see Matter of Supangkat v Torres, 101 AD3d at 890). "[T]he existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (Eschbach v Eschbach, 56 NY2d at 174). "Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Supangkat v Torres, 101 AD3d at 890; see Matter of Ivory B. v Shameccka D.B., 121 AD3d at 675; Matter of Reyes v Polanco, 83 AD3d 849, 850 [2011]).

Here, the Family Court's determination granting the father's petition for sole custody of the subject children and denying

the mother's petition for sole custody of the children is supported by a sound and substantial basis in the record. First, considering, inter alia, the past performance of each parent, the record supports the court's finding that the father had the greater ability to provide for the emotional and intellectual development of both children (*see Craig v Williams-Craig*, 61 AD3d at 712; *Matter of Berrouet v Greaves*, 35 AD3d at 461). With regard to the older child, who was seven years old at the time of the hearing, the evidence presented at the hearing established, inter alia, that the father is better equipped to provide for the daily needs and emotional and educational development of this special needs child (*see Matter of Smalls v Payne*, 64 AD3d 783, 784 [2009]). Likewise with respect to the younger child, the court was entitled to credit the father's testimony that, prior to the transfer of custody to him, the child, who was five years old at the time of the hearing, had been enrolled in day care, not preschool, and that the father had obtained the funding necessary to enroll her in a Head Start program, where she was clearly thriving. Additionally, there was undisputed evidence of the mother's repeated violent outbursts.

The mother's remaining contention is without merit.

Accordingly, we decline to disturb the Family Court's determination (*see Matter of Ivory B. v Shameccka D.B.*, 121 AD3d at 675). Rivera, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.