THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BARTHOLOMEW, Appellant. [56 NYS3d 155]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered April 17, 2014, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the morning of January 1, 2011, the defendant awoke his 14-year-old daughter, brought her into his bedroom, and raped her. On January 12, 2011, the daughter secretly tape-recorded three short telephone conversations between herself and the defendant, and a longer conversation they had in the defendant's car, during which the defendant apologized, asked her not to tell anyone, and stated that he deserved to go to jail for the rest of his life. Two days later, the rape was reported to the police, who made a digital copy of the taped conversations and arrested the defendant, charging him with, among other things, rape in the first degree. At trial, the digital copy of the recording was admitted into evidence, and the defendant ultimately was convicted of rape in the first degree.

The foundation for the introduction of a tape recorded conversation must be demonstrated by clear and convincing evidence (*see People v McGee*, 49 NY2d 48, 59 [1979]). "A foundation may be established by a participant to the conversation

who testifies that the conversation has been accurately and fairly reproduced" (*id.* at 60). Here, the Supreme Court properly admitted into evidence a digital copy of the daughter's recording of the telephone conversations and the in-person conversation between the defendant and her. At trial, the daughter testified that the copy of the recording fairly and accurately depicted the conversations. Thus, her testimony established by clear and convincing evidence that the recording was accurate and had not been altered (*see People v Tayeh*, 96 AD2d 1045, 1046 [1983]).

Further, the Supreme Court properly denied the defendant's pretrial motion pursuant to CPLR 4506 to preclude the copy of the recording from being introduced at trial. CPLR 4506 (1), which is applicable to both civil and criminal trials (*see People v Qike Huang*, 284 AD2d 417 [2001]), provides, in part, that "[t]he contents of any overheard or recorded communication, conversation or discussion, or evidence derived therefrom, which has been obtained by conduct constituting the crime of eavesdropping, as defined by section 250.05 of the penal law, may not be received in evidence in any trial, hearing or proceeding before any court or grand jury." The court correctly determined that the daughter, who participated in the conversations and recorded them herself, did not commit any acts that constituted the crime of eavesdropping as defined by Penal Law §§ 250.00 and 250.05 (*see People v K.B.*, 43 Misc 3d 478, 480 [Sup Ct, Kings County 2014]). In any event, the court correctly determined that, under the circumstances, the daughter, who was 14 years old at the time of the rape and the recording, could consent to record her own conversation (*see People v K.B.*, 43 Misc 3d at 480-482; *see generally People v Badalamenti*, 27 NY3d 423, 434-438 [2016]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*,

90 AD2d 80 [1982]). Austin, J.P., Roman, Cohen and Barros, JJ., concur.