Cafferata v Cafferata (2018 NY Slip Op 06877)





Cafferata v Cafferata


2018 NY Slip Op 06877


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-09653
2017-09657
 (Index No. 50583/13)

[*1]Daniel Cafferata, appellant, 
v
Gerilyn Cafferata, respondent.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Anthony Genovesi of counsel), for appellant.
Segal & Greenberg LLP, New York, NY (Philip C. Segal of counsel), and Ralph J. Porzio, Staten Island, NY, for respondent (one brief filed).
Karen P. Simmons, Brooklyn, NY (Laura Solecki and Janet Neustaetter), attorney for the child.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Catherine M. DiDomenico, J.), dated April 13, 2017, and (2) a judgment of divorce of the same court entered July 27, 2017. The order denied the plaintiff's motion to reopen the trial. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated January 18, 2017, made after a nonjury trial, awarded the defendant sole legal and physical custody of the parties' child.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of a daughter, born in October 2010. The father commenced this action for a divorce and ancillary relief. After a nonjury trial, the mother was awarded sole legal and physical custody of the child. The father appeals from an order which denied his motion to reopen the trial and permit him to introduce new evidence after the parties had rested and the trial court had rendered its decision. He also appeals from so much of the judgment of divorce as awarded the mother custody of the child.
The appeal from the order should be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of divorce (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of divorce (see CPLR 5501[a][1]).
"[A] trial court's discretion to reopen a case after a party has rested should be sparingly exercised" (see Kay Found. v S & F Towing Serv. of Staten Is., Inc., 31 AD3d 499, 501). Here, the father's motion was not made until one day after the trial court rendered its decision. [*2]While the motion was based on matters which had occurred posttrial, it was nevertheless not based on information that would change the trial court's determination, which was made after a 17-day trial. Thus, the trial court providently exercised its discretion in denying the father's motion to reopen the trial.
The paramount consideration in making an award of custody is the best interests of the child, under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171). "Factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Elliott v Felder, 69 AD3d 623, 623). A custody determination depends to a great extent upon an assessment of the character and credibility of the parties and witnesses. Deference is accorded to the credibility findings of the trial court, which had the opportunity to observe the witnesses and evaluate the evidence firsthand, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Stokes v Stokes, 154 AD3d 952, 953; Matter of Goodman v Jones, 146 AD3d 884, 886).
Here, while the evidence showed that both parties were fit and loving parents, the trial court's determination that an award of sole legal and physical custody of the child to the mother was, under the totality of the circumstances, in the child's best interests, has a sound and substantial basis in the record, and will not be disturbed on appeal (see Matter of Murphy v Lewis, 149 AD3d 748, 749; Matter of Moses v Williams, 138 AD3d 861, 862; Matter of Carleo v Pluchinotta, 138 AD3d 833, 834; Matter of Smalls v Payne, 64 AD3d 783, 784).
The father's remaining contentions are without merit (see Ekstra v Ekstra, 78 AD3d 990, 991; Johnson v Johnson, 235 AD2d 217).
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court