Matter of Smith v Gabb (2020 NY Slip Op 03788)





Matter of Smith v Gabb


2020 NY Slip Op 03788


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-10997
 (Docket Nos. V-13143-11, V-9312-13)

[*1]In the Matter of Aumolly Smith, respondent,
v
Earlind Gabb, appellant. (Proceeding No. 1.)
In the Matter of Earlind Gabb, appellant,
v
Aumolly Smith, respondent. (Proceeding No. 2.)


Richard J. Cardinale, Brooklyn, NY, for appellant.
Kyle Sosebee, Brooklyn, NY, for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Ben Darvil, Jr., J.), dated August 23, 2019. The order, after a hearing, granted the mother's petition for sole legal and physical custody of the parties' child, with parental access to the father, and denied the father's petition for sole legal and physical custody of the parties' child.
ORDERED that the order is affirmed, without costs or disbursements.
The mother and the father each filed a petition pursuant to Family Court Act article 6 seeking sole legal and physical custody of the parties' child, who is currently almost 14 years old. After a hearing, the Family Court, inter alia, granted the mother's petition and denied the father's petition. The father appeals.
"A court deciding an initial petition for child custody must consider the totality of the circumstances, including, but not limited to, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires'" (Matter of Ivory B. v Shammeccka D.B., 121 AD3d 674, 674-675, quoting Matter of Supangkat v Torres, 101 AD3d 889, 890).
Here, we agree with the Family Court's determination awarding sole legal and physical custody of the child to the mother with parental access to the father. The determination is supported by a sound and substantial basis in the record (see Matter of Ivory B. v Shammeccka D.B., [*2]121 AD3d at 675). Accordingly, the determination will not be disturbed.
MASTRO, J.P., COHEN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court