People v Lotin (2020 NY Slip Op 05777)





People v Lotin


2020 NY Slip Op 05777


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2013-06437
 (Ind. No. 10794/11)

[*1]The People of the State of New York, respondent,
v
Scherson Lotin, appellant.


Janet E. Sabel, New York, NY (Svetlana M. Kornfeind of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Avshalom Yotam of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (James P. Sullivan, J.), rendered May 16, 2013, convicting him of operating a motor vehicle while impaired, reckless driving, leaving the scene of an incident without reporting (two counts), and tampering with physical evidence, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was involved in a motor vehicle accident and fled the scene of the accident without reporting it. Following the accident, the defendant's friend used the recording feature on his iPod touch to secretly record an in-person conversation that he had with the defendant, during which the defendant admitted that he had been drinking alcohol and that he was involved in a motor vehicle accident. The defendant's friend gave the iPod touch with the recording to the police, and a CD of the recording was made. At trial, the prosecutor and defense counsel agreed to redact certain portions of the recording and a redacted copy of the recording was admitted into evidence. The defendant was convicted of operating a motor vehicle while impaired, reckless driving, leaving the scene of an incident without reporting (two counts), and tampering with physical evidence.
Admissibility of recorded conversation "requires proof of the accuracy or authenticity of the [recording] by 'clear and convincing evidence'" (People v Ely, 68 NY2d 520, 527, quoting People v McGee, 49 NY2d 48, 59). Such a foundation "may be established by a participant to the conversation who testifies that the conversation has been accurately and fairly reproduced" (People v McGee, 49 NY2d at 60; see People v Ely, 68 NY2d at 527). Here, we agree with the Supreme Court's determination to admit into evidence the redacted copy of the recording of the in-person conversation between the defendant and his friend. The defendant's friend testified at trial that the copy of the recording on the CD fairly and accurately depicted the in-person conversation that he had with the defendant, which established by clear and convincing evidence that the recording was accurate and had not been altered beyond the redactions to which the defendant agreed (see People v Bartholomew, 150 AD3d 1138, 1138-1139; People v Hampton, 64 AD3d 872, 875; People v Tayeh, 96 AD2d 1045, 1046).
The defendant's contention that the evidence was not legally sufficient to support his conviction of tampering with physical evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish his guilt of the crime of tampering with physical evidence beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
BALKIN, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court