S.G. v K.W. (2023 NY Slip Op 51478(U))

[*1]

S.G. v K.W.

2023 NY Slip Op 51478(U)

Decided on July 27, 2023

Family Court, Kings County

Waksberg, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 27, 2023
Family Court, Kings County

S.G., Petitioner

against
K.W., Respondent.

Docket No. V-xxxxxxx

Petitioner - Elliot Green, Esq. 
Respondent - Kreuza Ganolli, Esq.
Attorney for the Child - Ayanna Love, Esq. (Children's Law Center)

Judith Waksberg, J.

Relevant Procedural History
The narrow issue that is the subject of this decision is whether or not a recording of a conversation between the Respondent Father K. W. (hereinafter "the Father") and the subject child is admissible during a Best Interests hearing where neither parent was aware the child was recording the conversation. For the reasons stated below, the Court finds that the recording is admissible.
On or about September 20, 2019, the Petitioner Mother S. G. (hereinafter "the Mother") filed an amended custody modification petition against the Father. At the time of the filing, there was a Final Order of Custody dated June 28, 2016, which granted the Father sole legal and physical custody. 
The Court first held a hearing to determine whether there had been a change of [*2]circumstances since the order of custody. In the course of that hearing, the Court held an in camera interview with the Child. After the hearing, the Court determined that the Mother had met her burden of establishing a change of circumstances, and a hearing began on whether modification was in the best interests of the child. In the course of the Best Interests hearing, the Court conducted another in camera interview with the Child. 
During the cross-examination of the Father by the Attorney for the Child, the Attorney for the Child asked the Father questions as to whether he had made specific statements to the Child. The Father denied making any of those statements to the Child. 
After hearing the Father's denials of these statements, the Attorney for the Child established that the Father and Child had a conversation soon after the Father's mother passed away in January 2022. The Attorney for the Child also established that the Child has the ability to record conversations on her cell phone. The recorded conversation was then played for the Father. He acknowledged that this was a recording of the conversation he and the Child had after the Father's mother passed away. He acknowledged that the recording was an accurate recording of the conversation. After the recording was played, the Father was asked again about the specific statements he made to the Child during that conversation. The Father then testified that he did in fact make those statements to the Child.
The Attorney for the Child then attempted to move the recording into evidence. The Father's Attorney objected. The Court asked that written memoranda of law be submitted, and a briefing schedule was set. After a request for an extension by the Attorney for the Child supported by Attorneys for both parents, responses were timely submitted by both the Attorney for the Child and the Attorney for the Father on or about April 28, 2023. The Attorney for the Mother indicated on the same day that he was not going to file papers on behalf of the Mother. 
Legal Analysis
The Court is granted great discretion when it comes to issues of admissibility of evidence. Chihuahua v. Birchwood Estates, LLC, 203 AD3d 1015 (2nd Dept. 2022); Berrouet v. Greaves, 35 AD3d 460 (2nd Dept. 2006); Messinger v. Mount Sinai Medical Center, 15 AD3d 189 (1st Dept. 2005). As the Court of Appeals stated in People v. Wise, 46 NY2d 321, 327 (1978), with respect to impeachment evidence: "In case of doubt . . . the balance should be struck in favor of admissibility, leaving to the [factfinder] the function of determining what weight should be assigned the impeachment evidence. Applied in this fashion, the law of previous contradictory statements will advance rather than impede the truth-seeking process."
Audio recordings, where there is a participant party in the conversation, have commonly been introduced to impeach a witness or have been held to be admissible to the case-in-chief. Hirsh v. Stern, 74 AD3d 967 (2nd Dept. 2010) (affirming the admission of an audio recording, where a participant to the conversation testified that the conversation had been accurately and fairly produced, and finding that a chain of custody analysis was not required); see also Donald G. v. Hope H., 160 AD3d 1061 (3rd Dept. 2018) (finding the lower court properly admitted two recordings for impeachment purposes where the mother identified her voice on each recording, acknowledged the recordings fairly represented statements that she had made, and was given the opportunity to explain the inconsistencies between her hearing testimony and her remarks on the recording); Lipton v. New York Transit Authority, 11 AD3d 201(1st Dept. 2004) (affirming that an audio recording made by the plaintiff's investigator was properly admitted as impeachment evidence where the investigator was a participant in the conversation, that the tape accurately reproduced the conversation and had not been altered, and that the necessary foundation was laid [*3]to admit the tape). 
In its discretion, the Court therefore holds that in the instant case the audio recording can be admitted for impeachment purposes. An adequate foundation was laid for the introduction of the audio recording. The Attorney for the Child introduced a recording voluntarily made by the Child on her iPhone. The Court finds that a proper foundation was laid in that the Father confirmed he was a participant in the conversation and that the other voice on the recording is that of the Child, that the conversation took place right after his mother passed away in January 2022, and that the recording is an accurate depiction of the conversation he had with this Child. Given that chain of custody need not be established, the Court finds that a sufficient foundation has been laid for the introduction of the audio recording. 
In opposing the introduction of the recording, the Father's Attorney contends that the Child, as a minor, is not capable of consenting to the recording of the conversation. The Court rejects that contention and finds that the Child, although only 11 years old, is capable of providing consent to having the conversation recorded. 
In People v. Badalamenti, 27 NY3d 423 (2016) the New York Court of Appeals in its discussion of a case pertaining to vicarious consent on behalf of a child to record a conversation between the other parent and the child noted that, in making an admissibility determination, the Court should consider factors which include but are not limited to "the parent's motive or purpose for making the recording, the necessity of the recording to serve the child's best interests, and the child's age, maturity, and ability to formulate well-reasoned judgments of his or her own regarding best interests[emphasis added]." Id. at 439.
Similarly, in People v. Bartholomew, 150 AD3d 1138 (2nd Dept. 2017), a 14-year-old victim of rape recorded four conversations (in person and over the phone) between her and the defendant, her father, in which he apologized to her, asked her not to tell anybody and told her he deserved to go to jail for the rest of his life. The rape was reported to the police two days later and the police made a digital copy of the tape recordings. At trial, the recordings were admitted, and the defendant was convicted of rape in the first degree. The Second Department addressed the admissibility of eavesdropping evidence and found that the trial court correctly determined that the 14-year-old, in recording the conversations with her father, did not commit any eavesdropping crime, and then found that under the circumstances of that case, she was capable of giving consent to recording these conversations. See also People v. K.B., 43 Misc 3d 478 (Sup. Ct. Kings Co. 2014) (denying a motion to preclude a taped conversation initiated by a 14-year-old victim of rape with the defendant, also her father, where he pleaded with her not to have him arrested, and finding that the 14-year-old in fact "consented" to the recording).
In this case, the Court met with the Child during two in camera interviews and was able to assess her maturity and her ability as an 11-year-old to "consent" to recording the conversation between her and her father and finds that this Child was fully able to so consent. The fact that her Attorney is now seeking to introduce the contents of the recording into evidence as a direct advocate for the Child, means that the Child wished the Court to hear the contents of recording and consider it in making its decision to modify the existing custody arrangement. 
Thus, in addition to admitting the recording for impeachment purposes, the Court holds that the recording on its own is admissible as evidence in chief. The Child has made the recording and has consented through her Attorney to the conversation being recorded and [*4]introduced into evidence. The contents of the conversation between the Child and her Father are indeed relevant for the Court's consideration of Best Interests. See Moses v. Williams, 138 AD3d 861 (2nd Dept. 2016) (enumerating additional considerations for best interests as cited by other cases including which parent will promote the best stability and the past performance of each parent); Berrouet v. Greaves, 35 AD3d 460 (2nd Dept. 2006) (listing factors for best interest analysis as including parental guidance provided by custodial parent, each parent's ability to provide for the child's emotional and intellectual development, the ability of the parent to provide for the child financially, the relative fitness of each parent and the effect an award of custody to one parent might have on the child's relationship with the other parent). Recognizing that this is only one conversation the Father had with the Child, the Court is admitting the recording in evidence and will determine the weight to give it in light of all the other evidence before the Court. People v. Wise, 46 NY2d 321 (1978). 
In sum, for the above stated reasons, the Court finds that the Attorney for the Child laid the proper foundation for introducing the audio recording and that the recording can be admitted as impeachment evidence and is admissible as evidence in chief based on the Child's consent and its relevance to the Best Interests of the Child.
Notify Counsel and Parties. 
Dated: July 27, 2023
Honorable Judith Waksberg 
Judge, Family Court