Matter of Smith v Colon (2024 NY Slip Op 01551)

Matter of Smith v Colon

2024 NY Slip Op 01551

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2023-04232
 (Docket Nos. V-19216-19, V-19384-19)

[*1]In the Matter of John L. Smith III, respondent,
v
Katia Colon, appellant. (Proceeding No. 1)
In the Matter of Katia Colon, appellant,
v
John L. Smith III, respondent. (Proceeding No. 2)

Howard Justvig, Fresh Meadows, NY, for appellant.
Darla A. Filiberto, Islandia, NY, for respondent.
Glenn Gucciardo, Northport, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Frank A. Tantone, J.), dated March 31, 2023. The order, after a hearing, granted the father's petition for sole custody of the parties' child and denied the mother's petition for sole custody of the child.
ORDERED that the order is affirmed, without costs or disbursements.
The parties have one child together, born in 2007. In 2019, the father and the mother each filed a petition for sole custody of the child. After a hearing and an in camera interview with the child, the Family Court awarded the father sole custody of the child, with parental access to the mother. The mother appeals.
"In any child custody dispute, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Brisard v Brisard, 211 AD3d 838, 838 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). "A court deciding an initial petition for child custody must consider the totality of the circumstances, including, but not limited to, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Shields v Shields, 192 AD3d 691, 692 [internal quotation marks omitted]; see Matter of Ivory B. v Shameccka D.B., 121 AD3d 674, 674-675). The credibility findings of the Family Court after a hearing on the issue of custody will be accorded great weight on appeal, and its custody determinations will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Brisard v Brisard, 211 AD3d at 838; Matter of Devine v Dominguez, 210 AD3d 768, 769).
Here, the Family Court's determination that the child's best interests would be served by awarding sole custody to the father has a sound and substantial basis in the record and will not be disturbed (see Matter of Shields v Shields, 192 AD3d at 692-693; Matter of Ivory B. v Shameccka D.B., 121 AD3d at 675).
IANNACCI, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court