Matter of Scicutella v Osorio (2025 NY Slip Op 03726)

Matter of Scicutella v Osorio

2025 NY Slip Op 03726

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
PHILLIP HOM, JJ.

2023-04071
 (Docket Nos. V-6489-19/21A, V-6489-19/21B, V-6489-19/21C, V-6489-19/21D)

[*1]In the Matter of Nicholas C. Scicutella, respondent,
v
Alejandra I. Osorio, appellant. (Proceeding No. 1.)
In the Matter of Alejandra I. Osorio, appellant,Nicholas C. Scicutella, respondent. (Proceeding No. 2.)

Lynn Poster-Zimmerman, P.C., Huntington, NY, for appellant.
The Law Office of Katherine Ryan, P.C., Garden City, NY, for respondent.
Geanine Towers, Brooklyn, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Sharon N. Clarke, J.), dated March 22, 2023. The order, insofar as appealed from, after a hearing, denied the mother's petition to modify an order of the same court (Christopher Pizzolo, Ct. Atty. Ref.) dated December 29, 2020, so as to award her sole legal and residential custody of the parties' child and granted those branches of the father's petition which were to modify the order dated December 29, 2020, so as to award him sole residential custody of the parties' child and final decision-making authority regarding the child's health, education, and welfare.
ORDERED that the order dated March 22, 2023, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of a child born in 2019. In an order dated December 29, 2020 (hereinafter the 2020 order), entered upon the parties' consent, the Family Court awarded the parties joint legal and residential custody of the child and set forth a parental access schedule. In March 2021, the mother filed a petition to modify the 2020 order so as to award her sole legal and residential custody of the child. In April 2021, the father filed a petition to modify the 2020 order so as to award him sole legal and residential custody of the child. After a hearing, in an order dated March 22, 2023, the court, inter alia, denied the mother's petition and granted those branches of the father's petition which were to modify the 2020 order so as to award him sole residential custody of the child and final decision-making authority regarding the child's health, education, and welfare. The mother appeals.
"A court may modify an order awarding custody and parental access upon a showing [*2]that there has been a subsequent change in circumstances and that modification is in the best interests of the child" (Matter of Narine v Singh, 229 AD3d 700, 701 [internal quotation marks omitted]; see Matter of Martinez v Gaddy, 223 AD3d 816, 817). "The required change in circumstances may be found to exist, among other circumstances, where the parties' relationship has deteriorated to a point where there is no meaningful communication or cooperation for the sake of the child. In any event, the paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Narine v Singh, 229 AD3d at 701 [alteration and internal quotation marks omitted]). "When deciding whether a modification is in a child's best interests, factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent. Stability and continuity in a child's life are important factors" (Matter of Calogero v McMahon, 232 AD3d 894, 895 [internal quotation marks omitted]; see Matter of Taveras v Aguirre, ___ AD3d ___, ___, 2025 NY Slip Op 02787, *1). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's credibility findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Taveras v Aguirre, ___ AD3d at ___, 2025 NY Slip Op 02787, *1 [internal quotation marks omitted]).
Here, the Family Court's determination that a change in circumstances existed to warrant modification of the 2020 order has a sound and substantial basis in the record. The evidence established, among other things, that the relationship between the parties had deteriorated and the child's needs had changed, as he had been diagnosed with autism spectrum disorder (see Matter of Narine v Singh, 229 AD3d at 701; Matter of Moses v Williams, 138 AD3d 861, 861-862).
Further, contrary to the mother's contention, the Family Court's determination that the best interests of the child would be served by awarding the father sole residential custody of the child and final decision-making authority regarding the child's health, education, and welfare has a sound and substantial basis in the record and will not be disturbed (see Matter of Taveras v Aguirre, ___ AD3d at ___, 2025 NY Slip Op 02787, *1; Matter of Acevedo v Cassidy, 236 AD3d 645, 647).
MILLER, J.P., DOWLING, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court