■ LUCILLE WEINER et al., Appellants, v SAKS FIFTH AVENUE, Respondent. [698 NYS2d 330] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCarty, J.), dated September 23, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Lucille Weiner, while a customer in the defendant's store, allegedly tripped over the legs of a clothing rack as she was walking down an aisle between the racks. The Supreme Court properly awarded summary judgment to the defendant dismissing the complaint. The defendant had no duty to warn against a condition which is readily observable, such as the narrowness of a pathway created by clothing racks (*see, Lamia v Federated Dept. Stores,* 263 AD2d 498; *Sewer v Fat Albert's Warehouse,* 235 AD2d 414). Joy, J. P., Friedmann, Goldstein and McGinity, JJ., concur.

■ In the Matter of GEORGE BARDEN, Respondent, v MICHAEL MOSCA, Individually and as Chief of Police of the City of Mount Vernon, et al., Appellants. [698 NYS2d 151] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Michael Mosca, the Chief of Police of the City of Mount Vernon Police Department, that the petitioner was not entitled to disability benefits pursuant to General Municipal Law § 207-c, the appeal, as limited by the appellants' brief, is from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered July 17, 1998, as, upon reargument, granted that branch of the petition which was to annul the determination and direct the respondents to hold an evidentiary hearing, and remitted the matter to the respondents for an evidentiary hearing.

Ordered that the appeal is dismissed, without costs or disbursements.

No appeal lies from a nonfinal order in a proceeding pursuant to CPLR article 78 (*see,* CPLR 5701 [b] [1]; *Matter of Simonsen v Zoning Bd. of Appeals,* 263 AD2d 326). The appellants did not seek leave to appeal and we decline to *sua sponte* grant leave. Accordingly, the appeal is dismissed. Santucci, J. P., Thompson, Sullivan and Smith, JJ., concur.