■ JANET J. PATTERSON, Respondent, v TROYER POTATO PRODUCTS, INC., et al., Appellants. [709 NYS2d 731] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this negligence action to recover damages for personal injuries allegedly sustained when her lower right leg struck a shelf protruding into the aisle of a Convenient Food Mart store. At the time of her injury, an employee of defendant Troyer Potato Products, Inc. (Troyer) was stocking Troyer merchandise on the shelves in the subject aisle.

Supreme Court properly denied the motion of Convenient Food Mart Franchising, Inc. (incorrectly sued as Convenient Food Mart, Inc.), James Shaw, Joseph Shaw and CFM-33004-2, Inc. (CFM defendants) for summary judgment dismissing the complaint against them. Contrary to the contention of the CFM defendants, the evidence submitted by them fails to establish that the allegedly dangerous condition was open and obvious. The deposition testimony of plaintiff submitted by the CFM defendants establishes that the shelf that allegedly caused plaintiff's fall was at near-floor level and was protruding approximately three or four inches, and that she did not notice the shelf prior to her fall. Furthermore, neither the Troyer employee nor the store manager, who was present when the incident occurred, noticed what caused plaintiff's fall. Even assuming, arguendo, that the protruding shelf was readily observable, we conclude that such fact would go "to the issue of comparative negligence and [would] not negate the duty of defendants to keep their premises reasonably safe" (*Crawford v Marcello,* 247 AD2d 907; *see, Holl v Holl,* 270 AD2d 864).

The court erred, however, in denying the cross motion of Troyer for summary judgment dismissing the complaint against it. Troyer met its initial burden by establishing that its employee was occupying approximately half of the aisle and that plaintiff walked around him without incident, using the foot and a half on the opposite side of the aisle. In response to an inquiry by the employee, plaintiff advised him that she had sufficient room to pass and had cleared him by two feet at the time of her fall. Troyer thereby established that its employee did not act negligently, and plaintiff failed to raise an issue of fact (*see generally*, *Zuckerman v City of New York*, 49 NY2d 557, 562). Indeed, in those additional portions of plaintiff's deposition testimony submitted by plaintiff in opposition to the motion and cross motion, plaintiff stated that the space remaining in the aisle permitted her to walk around the Troyer employee without difficulty. We therefore modify the order by granting the cross motion of Troyer and dismissing the complaint against it. (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Green, J. P., Hayes, Hurlbutt and Kehoe, JJ.