■ TERRY KILMER et al., Respondents, v WENDELL DAVIS et al., Appellants. [755 NYS2d 629] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Dutchess County (Tolbert, J.), entered October 15, 2001, which, upon, inter alia, the granting of the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, and a jury verdict as to damages, is in favor of the plaintiffs and against them in the principal sum of $307,861.

Ordered that the judgment is reversed, on the law, the mo-

tion, is denied, and a new trial on the issue of liability only is granted, with costs to abide the event. The jury's finding as to damages is affirmed.

To be entitled to judgment as a matter of law, a plaintiff has the burden of showing that, upon the evidence presented, there is no rational process by which the jury could find in favor of the defendant (*see State Farm Ins. Co. v Amana Refrig.,* 266 AD2d 372 [1999]). Viewing the evidence in the light most favorable to the defendants and affording them every favorable inference to be drawn therefrom (*see Szczerbiak v Pilat,* 90 NY2d 553 [1997]), the plaintiffs were not entitled to judgment as a matter of law on the issue of liability. There was sufficient evidence presented from which a rational juror could conclude that the plaintiff driver was comparatively negligent. Under the circumstances, the trial court should have submitted the issue of liability to the jury (*see Singer v Long Is. Light. Co.,* 211 AD2d 779 [1995]).

The defendants' remaining contention is without merit. Feuerstein, J.P., Krausman, McGinity and Mastro, JJ., concur.