■ DORIS KRAUT et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. (Action No. 1.) MARK BERSHAD et al., Appellants, v MANHATTAN & BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Respondents. (Action No. 2.) [762 NYS2d 251] —In two related actions to recover damages for personal injuries, etc., the plaintiffs in Action No. 1, Doris Kraut and Joseph Kraut, appeal (1), as limited by their brief, from so much of a judgment of the Supreme Court, Richmond County (Gigante, J.), dated June 3, 2002, as, upon a jury verdict, is in favor of the defendants and against them dismissing Action No. 1, and (2) from a judgment of the same court dated June 7, 2002, and the plaintiffs in Action No. 2, Mark Bershad and Maxine Bershad, separately appeal from the judgment dated June 3, 2002.

Ordered that the judgment dated June 7, 2002, is vacated; and it is further,

Ordered that the appeal by Doris Kraut and Joseph Kraut from the judgment dated June 7, 2002, is dismissed as academic, in light of the vacatur of that judgment; and it is further,

Ordered that the appeal by Mark Bershad and Maxine Bershad is dismissed as abandoned; and it is further,

Ordered that the judgment dated June 3, 2002, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The judgment dated June 3, 2002, was in favor of the defendants and against the plaintiffs in both actions. The judgment dated June 7, 2002, must be vacated because it was merely duplicative of the portion of the June 3, 2002, judgment, which was in favor of the defendants and against the

plaintiffs in Action No. 1, and was entered in error (*see Johnson v Suffolk County Police Dept.*, 260 AD2d 441 [1999]).

Contrary to the contention of the appellants Doris Kraut and Joseph Kraut, the jury verdict should not be set aside as contrary to the weight of the evidence since it was based on a fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129 [1985]). "It is beyond cavil that the determination of the jury which observed the witnesses and the evidence is entitled to great deference" (*Hernandez v Carter & Parr Mobile*, 224 AD2d 586, 587 [1996]).

The remaining contentions raised by the appellants in Action No. 1 are without merit. Santucci, J.P., Krausman, Schmidt and Townes, JJ., concur.