**40** JOAN W. MOLONEY, Appellant, v WAL-MART STORES, INC., Respondent. [767 NYS2d 897]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Suffolk County (Oliver, J.), entered August 2, 2002, which, upon the granting of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's evidence, is in favor of the defendant and against her dismissing the complaint, and (2) a judgment of the same court entered August 19, 2002.

Ordered that the judgment entered August 19, 2002, is vacated; and it is further,

Ordered that the appeal from the judgment entered August 19, 2002, is dismissed as academic, in light of the vacatur of the judgment; and it is further,

Ordered that the judgment entered August 2, 2002, is reversed, on the law, the complaint is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for trial; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The judgment entered August 2, 2002, was in favor of the defendant and against the plaintiff, dismissing the complaint. The judgment entered August 19, 2002, must be vacated because it was merely duplicative of the August 2, 2002, judgment (*see Kraut v New York City Tr. Auth.*, 306 AD2d 383 [2003]; *Johnson v Suffolk County Police Dept.*, 260 AD2d 441 [1999]).

The plaintiff allegedly was injured when she tripped over a wooden pallet on the floor between two tables displaying merchandise in the defendant's store. After the close of the plaintiff's evidence, the Supreme Court granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law, concluding that the condition was open and obvious and, consequently, the defendant could not be held liable.

A motion pursuant to CPLR 4401 should be granted only where there is no rational process by which a jury could find in favor of the nonmoving party (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Kilmer v Davis*, 302 AD2d 563 [2003]). Viewing the evidence in the light most favorable to the plaintiff and affording her every permissible inference (*see Szczerbiak v Pilat, supra* at 556), a rational jury could find liability on the part of

the defendants. Even if a jury was to find that the wooden pallet was an open and obvious condition, such finding would be relevant to the issue of the plaintiff's comparative negligence and would not absolve the defendant of liability (*see Cupo v Karfunkel,* 2 AD3d 48 [2003]; *Acevedo v Camac,* 293 AD2d 430 [2002]; *Massucci v Amoco Oil Co.,* 292 AD2d 351 [2002]). Consequently, the Supreme Court should have denied the defendant's motion. Altman, J.P., Goldstein, Luciano and H. Miller, JJ., concur.