■ DIANE MORGAN, Respondent, v TJX COMPANIES, INC., Appellant. [831 NYS2d 482]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated March 17, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

A landowner has a duty to maintain its premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233 [1976]). However, it has no duty to protect or warn against an open and obvious condition which is not inherently dangerous as a matter of law (*see Fitzgerald v Sears, Roebuck & Co.*, 17 AD3d 522 [2005]; *Orlando v Audax Constr. Corp.*, 14 AD3d 500 [2005]; *Capozzi v Huhne*, 14 AD3d 474 [2005]; *Jang Hee Lee v Sung Whun Oh*, 3 AD3d 473 [2004]; *Cupo v Karfunkel*, 1 AD3d 48 [2003]). The defendant established, prima facie, its entitlement to judgment as a matter of law by demonstrating that the display racks with which the plaintiff's shopping cart collided were open and obvious, known to her, and not inherently dangerous (*see Mastellone v City of New York*, 29 AD3d 540 [2006]; *Lamia v Federated Dept. Stores*, 263 AD2d 498 [1999]; *Weiner v Saks Fifth Ave.*, 266 AD2d 390 [1999]; *Sewer v Fat Albert's Warehouse*, 235 AD2d 414 [1997]). In opposition, the

plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Miller, J.P., Schmidt, Ritter and Angiolillo, JJ., concur.