SUSAN DIETZEN et al., Appellants, v ALDI INC. (NEW YORK), Respondent. [870 NYS2d 189]—

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Susan Dietzen (plaintiff) when she tripped and fell over a wooden pallet in a store owned by defendant. We conclude that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. Even assuming, arguendo, that defendant met its initial burden of establishing entitlement to summary judgment, we conclude that plaintiffs raised triable issues of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Although there are some inconsistencies between the affidavits submitted by plaintiffs in opposition to the motion and plaintiff's prior deposition testimony, we reject defendant's contention under the circumstances of this case that those affidavits are an attempt to raise feigned issues of fact (*cf. Martin v Savage*, 299 AD2d 903 [2002]). Any such inconsistencies present credibility issues to be resolved at trial (*see Knepka v Tallman*, 278 AD2d 811 [2000]; *see also Schoen v Rochester Gas & Elec.*, 242 AD2d 928 [1997]). Contrary to defendant's further contention, there is an issue of fact whether the wooden pallet protruded into the aisle of the store, creating a dangerous condition (*see Grizzanto v Golub Corp.*, 188 AD2d 1015 [1992]). Although defendant

contends that the location of the wooden pallet was open and obvious, we nevertheless conclude that defendant was not relieved of its obligation to keep the property in a safe condition (*see Moloney v Wal-Mart Stores*, 2 AD3d 508, 510 [2003]; *Monge v Home Depot*, 307 AD2d 501, 502 [2003]; *Patterson v Troyer Potato Prods.*, 273 AD2d 865 [2000]; *cf. Morgan v TJX Cos., Inc.*, 38 AD3d 508 [2007]). Present—Martoche, J.P., Smith, Centra, Green and Pine, JJ.