CARMELLA M. EDWARDS, Appellant, v ST. ELIZABETH MEDICAL CENTER, Respondent. [899 NYS2d 499]—

Appeal from an order of the Supreme Court, Oneida County

(Anthony F. Shaheen, J.), entered March 16, 2009 in a personal injury action. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she tripped and fell over a metal trash can while visiting her husband in a hospital owned by defendant. We conclude that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. Even assuming, arguendo, that defendant met its initial burden of establishing its entitlement to summary judgment, we conclude that plaintiff raised triable issues of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We agree with plaintiff that the court erred in determining that the affidavit of her expert safety engineer submitted in opposition to the motion was without foundation, speculative and lacking probative value. Plaintiff's expert relied upon his review of the complete record, as well as his experience and training in biomechanics and human factors analysis. The expert cited scientific literature concerning "trip points" and perception, and he discussed the necessary "visual cue[s]" required for an individual to avoid obstacles in his or her path (*see generally Tesak v Marine Midland Bank*, 254 AD2d 717 [1998]).

We further agree with plaintiff that there is a triable issue of fact whether the trash can protruded into the aisle in the hospital room, creating a dangerous condition (*see Dietzen v Aldi Inc. [New York]*, 57 AD3d 1514 [2008]). Although defendant contends that the location of the trash can was open and obvious, we conclude that there is a triable issue of fact whether the sink in the hospital room obscured plaintiff's line of sight. In any event, defendant would not be relieved of its duty to keep the property in a safe condition even if the allegedly dangerous condition was open and obvious (*see id.* at 1514-1515; *Moloney v Wal-Mart Stores*, 2 AD3d 508, 510 [2003]). Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ.