■ In the Matter of DAVID THOMAS, Respondent, v SHERI TRICE, Appellant. [919 NYS2d 902]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (McGrady, Ct. Atty. Ref.), dated December 10, 2009, as, after a hearing, granted the father's petition for sole custody of the subject child.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Contrary to the mother's contention, the Family Court did not apply an incorrect legal standard in making its determination. As there was no prior custody order in effect at the time this proceeding commenced, the Family Court treated this as an initial custody determination and was not required to engage in a change-of-circumstances analysis (*see Matter of Quinones v Gonzalez*, 79 AD3d 893 [2010]; *Matter of Louis M. v Administration for Children's Servs.*, 69 AD3d 633 [2010]; *Matter of Jiminez v Jiminez*, 301 AD2d 971 [2003]; *see also Matter of Neail v Deshane*, 19 AD3d 758 [2005]).

On the merits, the Family Court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]). Moreover, inasmuch as custody determinations depend in large part on an assessment of the character and credibility of the parties and witnesses, the Family Court's findings will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Andrews v Mouzon*, 80 AD3d 761 [2011]). The Family Court's determination that the child's best interests would be served by awarding sole custody to the father has a sound and substantial basis in the record. Prudenti, P.J., Dillon, Balkin and Sgroi, JJ., concur.