■ In the Matter of LAUREN WALLACE, Respondent, v KRISTIAAN F. ROBERTS, Appellant. [963 NYS2d 395]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Lechtrecker, Ct. Atty. Ref.), dated November 2, 2011, which, after a hearing, granted the mother's petition for sole custody of the parties' child and fixed a visitation schedule.

Ordered that the order is affirmed, without costs or disbursements.

The parties, who were never married to each other, are the parents of a daughter, born August 3, 2010. Within approximately two months of the child's birth, the father filed a petition for joint custody and the mother filed a petition seeking sole custody of the child. After a hearing, the Family Court, inter alia, granted the mother's petition.

There is "no prima facie right to the custody of the child in either parent" (Domestic Relations Law §§ 70 [a]; 240 [1] [a]; see Friederwitzer v Friederwitzer, 55 NY2d 89, 93 [1982]; Matter of Riccio v Riccio, 21 AD3d 1107 [2005]). The essential consideration in making an award of custody is the best interests of the child (see Friederwitzer v Friederwitzer, 55 NY2d at 94; Matter of Cardozo v Defreitas, 87 AD3d 1138 [2011]). "Since custody determinations turn in large part on assessments of the credibility, character, temperament and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Chery v Richardson, 88 AD3d 788, 788 [2011]; see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]). Here, the Family Court's determination that the child's best interests would be served by an award of custody to the mother has a sound and substantial basis in the record (see Matter of Guzman v Pizarro, 102 AD3d 964 [2013]; Matter of Thomas v Trice, 83 AD3d 722, 723 [2011]).

The father contends that his statutory and constitutional due process and equal protection rights were violated by certain of the Family Court's statements and rulings during the course of the custody proceedings. Contrary to his contention, the father was afforded a full and fair hearing on the petitions.

The father's remaining contention is without merit. Dillon, J.P., Angiolillo, Austin and Hinds-Radix, JJ., concur.