# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**931**

**CA 12-01864**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND WHALEN, JJ.

---

JANICE MAZELLA, AS ADMINISTRATRIX OF
THE ESTATE OF JOSEPH MAZELLA, DECEASED,
PLAINTIFF-RESPONDENT,

V                                            MEMORANDUM AND ORDER

WILLIAM BEALS, M.D., DEFENDANT,
AND ELISABETH MASHINIC, M.D.,
DEFENDANT-APPELLANT.

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (JAMES D. LANTIER OF
COUNSEL), FOR DEFENDANT-APPELLANT.

DELDUCHETTO & POTTER, SYRACUSE (ERNEST A. DELDUCHETTO OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (John
C. Cherundolo, A.J.), entered August 2, 2012.  The order denied the
motion of defendant Elisabeth Mashinic, M.D., for summary judgment
dismissing the complaint against her.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this medical malpractice action
seeking damages arising from the death of her husband (decedent), who
committed suicide 16 days after he was released from the psychiatric
ward of Auburn Memorial Hospital (hospital).  Elisabeth Mashinic, M.D.
(defendant) is a psychiatrist who treated decedent during his
inpatient stay at the hospital.  The complaint, as amplified by the
amended bill of particulars, alleges myriad theories of negligence
against defendant, including claims that she failed to diagnose a
medication-induced akathisia, misdiagnosed decedent as having
psychomotor agitation, and improperly discharged decedent from the
hospital without making arrangements for decedent to be treated by a
psychiatrist upon release.  Following discovery, defendant moved for
summary judgment dismissing the complaint against her.  Supreme Court
denied the motion, and we now affirm.

Even assuming, arguendo, that defendant met her initial burden of
establishing entitlement to judgment as a matter of law (*see Edwards v
St. Elizabeth Med. Ctr.*, 72 AD3d 1595, 1596), we conclude that
plaintiff raised material issues of fact sufficient to defeat the
motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

For instance, plaintiff submitted the affidavit of her unidentified expert, wherein the expert stated that the proper standard of care required that decedent, who had been prescribed multiple medications that had significant side effects, such as suicidal ideation, "be monitored closely by a psychiatrist from the point of his discharge." It is undisputed that defendant approved the discharge without ensuring that decedent had a psychiatrist who could treat him. Additionally, defendant acknowledged at her deposition that decedent required psychiatric care upon discharge, but testified that it was not her responsibility to arrange for decedent's post-discharge care and that this responsibility was "customarily [within] the purview of the social worker." Similarly, defendant's expert stated in his affidavit that it was within the standard of care to delegate to a licensed social worker the task of arranging for post-discharge care. Plaintiff's expert, however, disagreed, stating that "delegating the task to a social worker without insuring that the task was completed is a . . . deviation from the standard of care." We conclude that the conflicting opinions of the experts raise an issue of fact for trial (see *Haas v F.F. Thompson Hosp., Inc.*, 86 AD3d 913, 914; *Dandrea v Hertz*, 23 AD3d 332, 333).

We reject defendant's contention that the post-discharge arrangements made for decedent by the social worker were sufficient as a matter of law. Although the social worker made an appointment for decedent at the Brownell Center for Behavioral Health, an outpatient mental health facility, plaintiff's expert opined that the standard of care required that psychiatric care be made "immediately available" to decedent upon discharge. Decedent did not see a psychiatrist (or even a physician) during his initial appointment at the Brownell Center on September 3, 2009, which was one week after his release from the hospital, and he still had not spoken to a psychiatrist by the time he committed suicide on September 12, 2009.

Defendant relies heavily on the fact that decedent imposed "self-limitations" on his post-discharge care. According to defendant, decedent said that he did not want to engage in talk therapy, he would treat only with a male physician, and he did not want to be treated in Syracuse given his status in the community. Even assuming, arguendo, that those conditions rendered it impossible for defendant to arrange adequate post-discharge care for decedent, we conclude that there is an issue of fact whether defendant should have refrained from approving decedent's discharge from the hospital until he modified his self-imposed limitations. In sum, defendant released decedent from her care without ensuring that he would be treated by a psychiatrist upon discharge, and an issue of fact exists whether she was negligent in doing so. The court thus properly denied defendant's motion for summary judgment.

Entered:  September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court