■ In the Matter of ALTON D. INABINETT, JR., Respondent, v CHERICE A. KELLY, Appellant. (Proceeding No. 1.) In the Matter of CHERICE A. KELLY, Appellant, v ALTON D. INABINETT, JR., Respondent. (Proceeding No. 2.) [2 NYS3d 370]—

Appeal by the mother from (1) an order of disposition of the Family Court, Queens County (Fran L. Lubow), dated July 5, 2013, and (2) a final order of the same court, also dated July 5, 2013. The order of disposition granted the father's petition for custody of the subject child and denied the mother's petition for custody and for permission to relocate to Georgia with the child. The final order awarded custody and visitation in accordance with the order of disposition.

Ordered that the final order is vacated; and it is further,

Ordered that the appeal from the final order is dismissed as academic, without costs or disbursements, in light of the vacatur of the final order; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

"An order of disposition is the equivalent of a 'final order or judgment' " (*Matter of Holtzman v Holtzman*, 47 AD2d 620, 620 [1975], quoting *Matter of Taylor v Taylor*, 23 AD2d 747, 747 [1965]; see Family Ct Act § 1112). The final order must be vacated because it merely duplicates portions of the order of disposition, and should not have been entered (see *Matter of Guarraci*, 100 AD3d 633 [2012]; *Kraut v New York City Tr. Auth.*, 306 AD2d 383 [2003]).

There is "no prima facie right to the custody of the child in either parent" (Domestic Relations Law §§ 70 [a]; 240 [1] [a]; *see Friederwitzer v Friederwitzer*, 55 NY2d 89, 93 [1982]; *Matter of Riccio v Riccio*, 21 AD3d 1107 [2005]). The essential consideration in making an award of custody is the best interests of the child (*see Friederwitzer v Friederwitzer*, 55 NY2d at 94; *Matter of Cardozo v Defreitas*, 87 AD3d 1138 [2011]). "Since custody determinations turn in large part on assessments of the credibility, character, temperament and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Chery v Richardson*, 88 AD3d 788, 788 [2011]; *see Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]). Here, the Family Court's determination that the child's best interests would be served by an award of custody to the father has a sound and substantial basis in the record (*see Matter of Guzman v Pizarro*, 102 AD3d 964 [2013]; *Matter of Thomas v Trice*, 83 AD3d 722, 723 [2011]). Mastro, J.P., Dickerson, Cohen and LaSalle, JJ., concur.