■ In the Matter of YASHIRA M. BATISTA, Respondent, v JASON FALCON, Appellant. (Proceeding No. 1.) In the Matter of JASON FALCON, Appellant, v YASHIRA M. BATISTA, Respondent. (Proceeding No. 2.) [48 NYS3d 716]—

Appeals by the father from (1) a decision of the Supreme Court, Queens County (IDV Part) (Lenora Gerald, J.), dated May 29, 2015, made after a hearing, and (2) an order of that court, also dated May 29, 2015. The order, insofar as appealed from, upon the decision, granted the mother's petition for sole legal and physical custody of the subject child to the extent of awarding her residential custody of the child with final decision-making authority, with visitation to the father, denied the father's petition for sole legal and physical custody of the child, and awarded the parties joint legal custody of the child.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from so much of the order dated May 29, 2015, as granted that branch of the mother's petition which was for residential custody of the subject child, with visitation to the father, is dismissed as academic; and it is further,

Ordered that the order dated May 29, 2015, is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County (IDV Part), for further proceedings, inter alia, to establish with all convenient speed an appropriate visitation schedule for the mother.

The mother and the father have one child together. They both filed petitions seeking sole legal and physical custody of the child. After a hearing, the Supreme Court awarded the parties joint legal custody, with residential custody and final decision-making authority to the mother and visitation to the father. The father appeals.

The essential consideration in making an award of custody is the best interests of the child (*see Eschbach v Eschbach,* 56

NY2d 167, 171 [1982]; *Rosenberg v Rosenberg*, 145 AD3d 1052 [2016]). "The factors to be considered in making a custody determination include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide economically for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Bowe v Bowe*, 124 AD3d 645, 646 [2015]; *see Matter of Moses v Williams*, 138 AD3d 861, 861 [2016]; *Craig v Williams-Craig*, 61 AD3d 712, 712 [2009]). Inasmuch as custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d at 173-174; *Matter of Inabinett v Kelly*, 126 AD3d 701, 702 [2015]; *Matter of Chery v Richardson*, 88 AD3d 788, 788 [2011]). Here, the Supreme Court's determination that the child's best interests would be served by awarding the mother and father joint legal custody with final decision-making authority to the mother has a sound and substantial basis in the record and will not be disturbed (*see Prohaszka v Prohaszka*, 103 AD3d 617, 618 [2013]).

The father's remaining contention is without merit.

Inasmuch as the provision of the order awarding the mother residential custody of the child, with visitation to the father, has been rendered academic in light of a subsequent order of the Family Court, Queens County, dated January 24, 2017, modifying that provision, we remit the matter to the Supreme Court, Queens County (IDV Part), for further proceedings, inter alia, to establish with all convenient speed an appropriate visitation schedule for the mother. Rivera, J.P., Roman, Miller and Duffy, JJ., concur.