■ In the Matter of KEVIN STOKES, JR., Respondent, v CARIMA STOKES, Also Known as KAREEMAH STOKES, Appellant. [62 NYS3d 534]—

Appeal by the mother from an order of the Family Court, Kings County (Javier E. Vargas, J.), dated November 2, 2016. The order, after a hearing, granted the father's petition, in effect, for sole legal and physical custody of the parties' child and

denied the mother's cross petition, in effect, for sole legal and physical custody of the parties' child.

Ordered that the order is affirmed, without costs or disbursements.

The parties, who are married, are the parents of an eight-year-old daughter. In September 2016, the New York City Administration for Children's Services (hereinafter ACS) began an investigation into allegations that the mother neglected the child. That investigation led ACS to file a neglect petition against the mother. After he was informed of the ACS investigation, the father filed a petition, in effect, for sole legal and physical custody of the child. The mother cross-petitioned, in effect, for the same relief. Upon the filing of the father's custody petition, ACS withdrew the neglect petition and the Family Court dismissed the neglect proceeding. After a hearing, the court granted the father's petition, and denied the mother's cross petition.

In custody cases, the paramount concern is the best interests of the child under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171-173 [1982]; Musachio v Musachio, 53 AD3d 600, 601-602 [2008]; Mohen v Mohen, 53 AD3d 471, 472-473 [2008]). In making a determination as to what custody arrangement is in the child's best interests, the court should consider several factors. These factors include "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Miller v Pipia, 297 AD2d 362, 364 [2002]; see Mohen v Mohen, 53 AD3d at 472-473).

A custody determination depends greatly "upon an assessment of the character and credibility of parties and witnesses" (Matter of Langlaise v Sookhan, 48 AD3d 685, 686 [2008]; see Eschbach v Eschbach, 56 NY2d at 173-174; Matter of Perez v Martinez, 52 AD3d 518, 519 [2008]). Because the hearing court is able to observe witnesses and evaluate evidence firsthand, its determination as to credibility "is generally accorded great deference on appeal and should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Perez v Martinez, 52 AD3d at 519; see Eschbach v Eschbach, 56 NY2d at 173-174).

Contrary to the mother's contention, the record of the ple-

nary hearing was sufficient for the Family Court to render a determination as to custody in this matter (*see generally S.L. v J.R.*, 27 NY3d 558, 563 [2016]). The court's award of sole legal and physical custody to the father was in the child's best interests and had a sound and substantial basis in light of the hearing record (*see Matter of Howard E.I. v Sandra I.*, 108 AD3d 715 [2013]; *Matter of Yearwood v Yearwood*, 90 AD3d 771, 772 [2011]; *see also Matter of Tropea v Tropea*, 87 NY2d 727, 740 [1996]; *Matter of Wood v Lozada*, 152 AD3d 531 [2017]; *Matter of Ventura v Huggins*, 141 AD3d 600, 601 [2016]). Balkin, J.P., Maltese, Barros and Connolly, JJ., concur.