Matter of Jackson v Jackson (2018 NY Slip Op 00146)





Matter of Jackson v Jackson


2018 NY Slip Op 00146


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-08649
 (Docket No. V-16614-14)

[*1]In the Matter of Anaisa Jackson, respondent, 
v
Walter Jackson, appellant.


Cheryl Charles-Duval, Brooklyn, NY, for appellant.
Jennifer Arditi, Maspeth, NY, for respondent.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler and Claire V. Merkine of counsel), attorney for the child.



DECISION & ORDER
Appeal from an order of the Family Court, Kings County (Elizabeth Barnett, J.), dated July 7, 2016. The order, insofar as appealed from, after a hearing, granted the mother's petition for sole legal and physical custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who never married each other, are the parents of a son born in 2006. The parties lived together when the son was born, and separated approximately 10 months later. Thereafter, the son lived with the father for most of his life until the Administration for Children's Services (hereinafter the ACS) filed a neglect petition against the father in June 2014, alleging that he neglected the son by inflicting excessive corporal punishment, and the son was temporarily released to the mother's care. Shortly thereafter, the mother filed a petition seeking custody of the son. The custody petition was held in abeyance until resolution of the neglect petition. In a fact-finding order dated December 8, 2014, the Family Court found that the father had neglected the son, as alleged by the ACS, and this Court affirmed (see Matter of Tarelle J. [Walter J.], 152 AD3d 593, 594). Subsequently, after a hearing, in an order dated July 7, 2016, the Family Court, inter alia, awarded sole legal and physical custody to the mother. The father appeals from that portion of the order.
"There is no prima facie right to the custody of the child in either parent" (Matter of Wallace v Roberts, 105 AD3d 1053, 1053 [internal quotation marks omitted]; see Friederwitzer v Friederwitzer, 55 NY2d 89, 93). In custody matters, the paramount concern is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Stokes v Stokes, 154 AD3d 952; Matter of Pena v Cordero, 152 AD3d 697, 697). In determining what custody arrangement is in the child's best interests, courts consider several factors, including "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter [*2]of Stokes v Stokes, 154 AD3d at 952; see Salvatore v Salvatore, 68 AD3d 966, 966; Miller v Pipia, 297 AD2d 362, 364). The existence or absence of any one factor is not determinative; rather, the court is to consider the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d at 171, 174; Matter of Pena v Cordero, 152 AD3d at 697-698; Miller v Pipia, 297 AD2d at 364).
In custody matters, this Court's authority is as broad as that of the hearing court (see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947; Matter of Larkin v White, 64 AD3d 707, 708). Nevertheless, "[s]ince custody determinations turn in large part on assessments of the credibility, character, temperament and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Wallace v Roberts, 105 AD3d at 1053 [internal quotation marks omitted]; see Matter of Tori v Tori, 103 AD3d 654, 655). Here, contrary to the father's contention, the Family Court's determination that the child's best interests would be served by an award of sole legal and physical custody to the mother has a sound and substantial basis in the record based upon the totality of the evidence, and should not be disturbed on appeal (see Eschbach v Eschbach, 56 NY2d at 167; Matter of Pena v Cordero, 152 AD3d at 698; Matter of Wallace v Roberts, 105 AD3d at 1053; Matter of Riccio v Riccio, 21 AD3d 1107, 1108).
The father's contention that his substantive due process was violated by the Family Court's custody determination is without merit (see Matter of Marie B., 62 NY2d 352, 358; Matter of Bennett v Jeffreys, 40 NY2d 543, 546; Matter of Spence-Chapin Adoption Serv. v Polk, 29 NY2d 196, 204).
The father's remaining contentions are either beyond the scope of review on this appeal or without merit.
RIVERA, J.P., AUSTIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court