Matter of Nakas v Nakas (2018 NY Slip Op 01924)





Matter of Nakas v Nakas


2018 NY Slip Op 01924


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-01415
 (Docket Nos. O-16271-12/16C, V-16272-12, V-20089-12)

[*1]In the Matter of Jenny Nakas, respondent, 
v
Mehmet Umit Nakas, appellant. (Proceeding Nos. 1 and 2)
In the Matter of Mehmet Umit Nakas, appellant,
v
Jenny Nakas, respondent. (Proceeding No. 3)


Michael A. Fiechter, Bellmore, NY, for appellant.
David Scott, New York, NY (Paul Biedka of counsel), for respondent.
Anthony Augustus, Jamaica, NY, attorney for the child.



DECISION & ORDER
Appeal from an order of the Family Court, Queens County (Anne-Marie Jolly, J.), dated December 14, 2016. The order, insofar as appealed from, after a hearing, (1) granted the mother's petition alleging that the father violated an order of protection of that court dated September 18, 2015, and to extend the duration of that order of protection, (2) granted, on the parties' consent, that branch of the mother's separate petition which was for sole legal and physical custody of the parties' child, (3) in effect, denied, on the parties' consent, that branch of the father's petition which was for custody of the parties' child, (4) denied that branch of the father's petition which was for joint decision-making authority, and (5) granted that branch of the mother's petition which was for final decision-making authority.
ORDERED that the appeal from so much of the order dated December 14, 2016, as granted, on the parties' consent, that branch of the mother's petition which was for sole legal and physical custody of the parties' child and, in effect, denied, on the parties' consent, that branch of the father's petition which was for custody of the parties' child is dismissed, without costs or disbursements; and it is further,
ORDERED that the order dated December 14, 2016, is affirmed insofar as reviewed, without costs or disbursements.
The parties were married in 2003 and are the parents of one child, born in 2010. The parties lived together until July 2012, when the mother left the marital residence with the child. In August 2012, the mother filed a family offense petition against the father and a petition for sole legal and physical custody of the child. The father filed a petition for custody of the child in September [*2]2012. After a fact-finding hearing on the family offense petition, the Family Court issued an order of protection dated September 18, 2015, against the father based on the court's finding that he committed family offenses, including harassment in the second degree and disorderly conduct. The order of protection, inter alia, directed the father to stay away from the mother and the child, except for court-ordered visitation.
In January 2016, the father consented to an award of sole legal and physical custody of the child to the mother, but continued to seek joint decision-making authority. In March 2016, the mother filed a petition alleging that the father violated the order of protection and to extend the duration of the order of protection. Following a hearing on the custody petitions and the violation petition, in an order dated December 14, 2016, the Family Court determined that the father violated the order of protection and extended its duration until December 14, 2018. The court also determined that it was in the best interests of the child for the mother to be awarded sole legal and physical custody of the child and final decision-making authority. The father appeals.
The appeal from so much of the order dated December 14, 2016, as granted, on the parties' consent, that branch of the mother's petition which was for sole legal and physical custody of the child and, in effect, denied, on the parties' consent, that branch of the father's petition which was for custody of the child must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party, since a party who consents to an order is not aggrieved thereby (see Elsayed v Edrees, 141 AD3d 503, 504).
Contrary to the father's contentions, the record supports the Family Court's determination that, during the child's physical therapy appointment in March 2016, the father violated the order of protection dated September 18, 2015, which provided, inter alia, that he "[r]efrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with [the mother]."
Further, the Family Court's determination that joint decision-making was not feasible and that the child's best interests would be served by awarding the mother final decision-making authority has a sound and substantial basis in the record and will not be disturbed (see Matter of Batista v Falcon, 148 AD3d 698, 699; Matter of Zall v Theiss, 144 AD3d 831, 832-833).
The father's remaining contentions are not properly before this Court.
MASTRO, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court