Matter of Parsons v Kapp (2020 NY Slip Op 02928)





Matter of Parsons v Kapp


2020 NY Slip Op 02928


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-06024
 (Docket No. V-9514-17)

[*1]In the Matter of David Parsons, respondent,
v
Kristin Kapp, appellant.


Del Atwell, East Hampton, NY, for appellant.
Jordan M. Freundlich, Lake Success, NY, attorney for the child.



DECISION & ORDER
In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Theresa Whelan, J.), dated May 14, 2018. The order, after a hearing, granted the father's petition for sole legal and residential custody of the subject child, and awarded supervised parental access to the mother.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were never married to each other, are the parents of one child, born in 2010. The parties lived together until February 2015, and thereafter separated. In April 2015, the mother relocated with the child to the State of New Jersey without the father's knowledge or consent. The child spent a period of time in foster care, after which he was returned to the father's custody in November 2015.
In 2017, the father filed a petition seeking sole legal custody of the child. After a hearing, in an order dated May 14, 2018, the Family Court awarded sole legal and residential custody to the father, and supervised parental access to the mother. The mother appeals.
"There is no prima facie right to the custody of the child in either parent" (Matter of Wallace v Roberts, 105 AD3d 1053, 1053 [internal quotation marks omitted]; see Friederwitzer v Friederwitzer, 55 NY2d 89, 93). The essential consideration in making an award of custody or parental access is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171). In determining what custody arrangement is in the child's best interests, courts consider several factors, including, "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Elliott v Felder, 69 AD3d 623, 623; see Matter of Mejia v Llarena, 172 AD3d 720, 721).
In custody matters, this Court's authority is as broad as that of the hearing court (see Matter of Jackson v Jackson, 157 AD3d 694, 695; Miller v Pipia, 297 AD2d 362, 364). Nevertheless, "[i]nasmuch as custody determinations turn in large part on assessments of the [*2]credibility, character, temperament, and sincerity of the parties, the court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Batista v Falcon, 148 AD3d 698, 699).
Here, contrary to the mother's contention, the Family Court's determination that the child's best interests would be served by an award of sole legal and residential custody to the father, and supervised parental access to the mother, has a sound and substantial basis in the record based upon the totality of the evidence, and should not be disturbed on appeal (see Altieri v Altieri, 156 AD3d 667, 668).
The mother's remaining contentions are without merit.
LEVENTHAL, J.P., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court