Matter of Khan v Potdar (2020 NY Slip Op 03913)





Matter of Khan v Potdar


2020 NY Slip Op 03913


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-03472
 (Docket Nos. V-5115-15, V-10407-15)

[*1]In the Matter of Tausif Khan, appellant,
v
Preeti Potdar, respondent.


Lewis S. Calderon, Jamaica, NY, for appellant.
Beth E. Goldman, New York, NY (Ione K. Curva of counsel), for respondent.
Karen P. Simmons, Brooklyn, NY (Eva Stein, Janet Neustaetter, and Lauren Flynn of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Emily M. Martinez, Ct. Atty. Ref.), dated February 21, 2019. The order, after a hearing, granted the mother's cross petition for sole legal and physical custody of the parties' child, denied the father's petition for sole legal and physical custody of the child, and awarded the father certain parental access.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who are married, are the parents of a son, born in 2012. The parties separated in June 2014. The father filed a petition seeking sole legal and physical custody of the child, and the mother cross-petitioned for sole legal and physical custody of the child. After a hearing, the Family Court granted the mother's cross petition, denied the father's petition, and awarded the father certain parental access. The father appeals.
The paramount consideration in any custody dispute is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171). The court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide
the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Supangkat v Torres, 101 AD3d 889, 890). Additionally, if domestic violence is alleged, and proven by a preponderance of the evidence, "the court must consider the effect of such domestic violence upon the best interests of the child," along with all the other relevant factors (Domestic Relations Law § 240[1][a]; see Matter of Biancoviso v Barona, 150 AD3d 990, 992; Matter of Tejada v Tejada, 126 AD3d 985, 986; Matter of Wissink v Wissink, 301 AD2d 36, 39). Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the Family Court, which has direct access to the parties (see Eschbach v Eschbach, 56 NY2d at 173; Matter of Gooler v Gooler, 107 AD3d 712). Such determinations will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Batista v Falcon, 148 AD3d 698, 699).
We disagree with the father's contention that the mother engaged in parental alienation. Parental alienation is "an act so inconsistent with the best interests of the [child] as to, per se, raise a strong probability that the [offending party] is unfit to act as custodial parent" (Entwistle v Entwistle, 61 AD2d 380, 384-385; see Matter of Ruiz v Carie, 179 AD3d 1069, 1069-1070; Matter of Goodman v Jones, 146 AD3d 884, 885). Although the father did not see the child for 10 months after the mother left the marital home with the child, the father failed to present sufficient evidence of parental alienation (see Matter of Sanders v Jaco, 148 AD3d 812, 813). The record demonstrates that the mother offered the father time with the child, but he either did not respond to the offers or declined to take advantage of them. We agree with the Family Court's determination that the mother was more likely than the father to foster the child's relationship with the noncustodial parent going forward.
The Family Court's determination that the child's best interests would be served by awarding sole legal and physical custody to the mother has a sound and substantial basis in the record and will not be disturbed (see Eschbach v Eschbach, 56 NY2d 167; Matter of Batista v Falcon, 148 AD3d at 699 Matter of Supangkat v Torres, 101 AD3d at 890). The court, having the benefit of observing and listening to the witnesses firsthand, credited the mother's testimony concerning acts of domestic violence by the father (see Matter of Felty v Felty, 108 AD3d 705, 707; Costigan v Renner, 76 AD3d 1039, 1040). Moreover, the record demonstrated that the child has special needs, and that the mother was more involved with and knowledgeable of the child's educational and medical services. These factors outweighed the father's more stable home environment.
The father's remaining contention is without merit.
Accordingly, we agree with the Family Court's determination to award the mother sole legal and physical custody of the child.
DILLON, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court