Matter of Zielenski v Pierpaoli (2020 NY Slip Op 07900)





Matter of Zielenski v Pierpaoli


2020 NY Slip Op 07900


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2020-03251
 (Docket Nos. V-11637-18, V-12723-18)

[*1]In the Matter of Stacy Zielenski, appellant,
v
John Pierpaoli, respondent. (Proceeding No. 1.)
In the Matter of John Pierpaoli, respondent,
v
Stacy Zielenski, appellant. (Proceeding No. 2.)


The Law Office of Robert W. Dapelo, Esq., P.C., Patchogue, NY, for appellant.
Emily Lynn Singer, Greenlawn, NY, for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Heather P.S. James, Ct. Atty. Ref.), dated March 10, 2020. The order, after a hearing, denied the mother's petition for sole custody of the parties' child, and granted the father's petition for sole custody of the parties' child, with parental access to the mother.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of a child, born in 2012. The parents each filed a petition seeking sole custody of the child, and an attorney was appointed for the child. In an order dated March 10, 2020, the Family Court, after a hearing, denied the mother's petition, granted the father's petition, and awarded the mother certain parental access. The mother appeals.
The paramount consideration in any custody dispute is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171). The court must consider, among other things, "'(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires'" (Matter of Khan v Potdar, 185 AD3d 822, 823, quoting Matter of Supangkat v Torres, 101 AD3d 889, 890). "Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the Family Court, which has direct access to the parties" (Matter of Khan v Potdar, 185 AD3d at 823; see Eschbach v Eschbach, 56 NY2d at 173). Such [*2]determinations will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Batista v Falcon, 148 AD3d 698, 699).
Any error in admitting the testimony and report of the forensic evaluator (see Matter of Dakota F. [Angela F.], 110 AD3d 1151, 1153; Matter of Anthony WW. [Michael WW.], 86 AD3d 654, 657-658; Matter of Murphy v Woods, 63 AD3d 1526, 1526) was not prejudicial. Without consideration of the testimony and report, there is a sound and substantial basis in the record for the Family Court's determination and it should not be disturbed on appeal (see Lieberman v Lieberman, 142 AD3d 1144, 1146; Matter of Rodriguez v Bello, 100 AD3d 641, 641; Tercjak v Tercjak, 49 AD3d 772, 772-773).
DILLON, J.P., CHAMBERS, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court