Matter of Diagne v Administration for Children's Servs. (2020 NY Slip Op 08060)





Matter of Diagne v Administration for Children's Servs.


2020 NY Slip Op 08060


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2020-01687
 (Docket Nos. V-18106-18, V-18107-18, V-18108-18)

[*1]In the Matter of Baba Diagne, petitioner-respondent,
v
Administration for Children's Services, respondent-respondent, Adama Faty, appellant.


Kyle Sosebee, Brooklyn, NY, for appellant.
Heath J. Goldstein, Jamaica, NY, for petitioner-respondent.
James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and Deborah E. Wassel of counsel), for respondent-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Emily Ruben, J.), dated January 16, 2020. The order, after a hearing, granted the father's petition for sole legal and physical custody of the parties' children, and awarded the mother certain parental access.
ORDERED that the order is affirmed, without costs or disbursements.
The father and the mother, who are married but have been separated since 2015, are the parents of three minor children. The children have been living with the father since August 2017. In September 2018, the father filed a petition seeking sole legal and physical custody of the children. In an order dated January 16, 2020, after a hearing, the Family Court granted the father's petition and awarded the mother certain parental access. The mother appeals.
"The paramount consideration in any custody dispute is the best interests of the child" (Matter of Khan v Potdar, 185 AD3d 822, 822-823; see Eschbach v Eschbach, 56 NY2d 167, 171). "'The best interests of the children must be determined by a review of the totality of the circumstances'" (Matter of Shah v Shah, 186 AD3d 1692, 1693, quoting Matter of Suarez v Suarez, 176 AD3d 830, 832). "The court must consider, among other things, '(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires'" (Matter of Khan v Potdar, 185 AD3d at 823, quoting Matter of Supangkat v Torres, 101 AD3d 889, 890). "A custody determination depends greatly 'upon an assessment of the character and credibility of parties and witnesses'" (Matter of Ejiogu v ACS-Kings, 176 AD3d 816, 818, quoting Matter of Langlaise v Sookhan, 48 AD3d 685, 685). "Such determinations will not be [*2]disturbed unless they lack a sound and substantial basis in the record" (Matter of Khan v Potdar, 185 AD3d at 823).
The Family Court's determination that the children's best interests would be served by awarding sole legal and physical custody to the father has a sound and substantial basis in the record and will not be disturbed (see Eschbach v Eschbach, 56 NY2d 167; Matter of Shah v Shah, 186 AD3d 1692; Matter of Khan v Potdar, 185 AD3d 822). Contrary to the mother's contentions, the evidence does not demonstrate that the father engaged in parental alienation or domestic violence (see Matter of Khan v Potdar, 185 AD3d 822).
Accordingly, we agree with the Family Court's determination to award the father sole legal and physical custody of the children and award the mother certain parental access.
MASTRO, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court