Matter of Davis v Lake (2023 NY Slip Op 01189)

Matter of Davis v Lake

2023 NY Slip Op 01189

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-05273
 (Docket Nos. V-5796-17, V-7822-17)

[*1]In the Matter of Kadeem Davis, appellant,
v
Crystal Lake, respondent. (Proceeding No. 1)
In the Matter of Crystal Lake, respondent,
v Kadeem Davis, appellant. (Proceeding No. 2)

Richard Cardinale, Brooklyn, NY, for appellant.
Daniel E. Lubetsky, Jamaica, NY, for respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Emily M. Martinez, Ct. Atty. Ref.), dated June 21, 2021. The order, insofar as appealed from, after a hearing, granted the mother's petition for sole legal and physical custody of the parties' child, with parental access to the father.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father are the parents of a child born in 2016. As is relevant to this appeal, in 2017, the mother filed a petition for sole legal and physical custody of the child. The father opposed. After a hearing, the Family Court, inter alia, awarded the mother sole legal and physical custody of the child, with parental access to the father. The father appeals.
In determining questions of child custody, the primary concern is the best interests of the child, taking into consideration the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 174; Matter of Gooler v Gooler, 107 AD3d 712, 712). In determining a child's best interests, the court must consider, among other things, "'(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires'" (Lavery v O'Sullivan, 205 AD3d 1013, 1014, quoting Matter of Supangkat v Torres, 101 AD3d 889, 890; see Matter of Goundan v Goundan, 210 AD3d 1087, 1088). Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's findings in this regard (see Matter of Gooler v Gooler, 107 AD3d at 712). Such findings will not be disturbed unless they lack a sound and substantial basis in the record (see Lavery v O'Sullivan, 205 AD3d at 1014; Matter of Khan v Potdar, 185 AD3d 822, 822; Matter of Batista v Falcon, 148 AD3d 698, 699).
Here, the Family Court's determination that the child's best interests would be served by awarding sole legal and physical custody to the mother, including but not limited to the finding that the mother is the parent who has taken on the majority of the responsibility for the care of the child, who has significant special needs, has a sound and substantial basis in the record, and we decline to disturb it (see Matter of Khan v Potdar, 185 AD3d at 824; Matter of Ocampo v Jimenez, 27 AD3d 753, 754).
The father's remaining contentions are without merit.
DUFFY, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court